2000 ME 157

**Gordon W. STEWART**

v.

**TOWN OF SEDGWICK et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs May 25, 2000.

Decided Aug. 11, 2000.

Gordon W. Stewart, pro se, Wilmington, DE, for the appellant.

James E. Patterson, Esq., Ellsworth, (for Town of Sedgwick).

Gardiner L. & Leslie S. Schneider, pro se, Sedgwick, for the appellees.

Panel: WATHEN, C.J., and CLIFFORD, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

SAUFLEY, J.

[¶1] Gordon Stewart appeals from a judgment of the Superior Court (Hancock County, *Mead, C.J.*), affirming a decision of the Sedgwick Zoning Board of Appeals granting to Stewart's neighbors a permit to build a dock. Because of confusion regarding the Board's role in the permitting process, we vacate the judgment.

## I. BACKGROUND

[¶2] In 1998, Gardner and Leslie Schneider applied to the Sedgwick Planning Board for a permit to construct a dock on their property. At public hearings on September 24 and October 13, 1998, the Planning Board heard testimony from the Schneiders, Gordon Stewart, and other neighboring landowners about the need for and the effect of the proposed dock. The Planning Board granted the Schneiders' permit application on October 27, 1998.

[¶3] Stewart appealed the Planning Board's decision to the Sedgwick Zoning Board of Appeals. Stewart's appeal represented the first time the Board had met in over a decade. The Board held a hearing and denied Stewart's appeal.[1] Stewart appealed the Board's decision to the Superior Court, pursuant to 30-A M.R.S.A. § 2691(3)(G) (1996) and M.R. Civ. P. 80B. The Superior Court affirmed the decision of the Board, and this appeal followed.

## II. DISCUSSION

### A. Standard of Review.

[¶4] When the Superior Court acts as an appellate court, we review di-

rectly the operative decision of the municipality. *See Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me.1996). If the Board of Appeals acted as a tribunal of original jurisdiction, that is, as factfinder and decision maker, we review its decision directly. *See id.*; *Sanford Properties, Inc. v. Town of Sanford*, 609 A.2d 287, 288 (Me.1992); *Goldman v. Town of Lovell*, 592 A.2d 165, 168 (Me.1991); *Waltman v. Town of Yarmouth*, 592 A.2d 1079, 1080 (Me. 1991). If, however, the Board acted only in an appellate capacity, we review directly the decision of the Planning Board, or other previous tribunal, not the Board of Appeals. *See Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 8, 750 A.2d 577, 581-82; *Sproul v. Town of Boothbay Harbor*, 2000 ME 30, ¶ 8, 746 A.2d 368, 372; *Veilleux v. City of Augusta*, 684 A.2d 413, 415 (Me.1996).

[¶5] Therefore, in order to determine what decision is under review here, we must begin with a determination of the nature of the Board's role in the matter at hand. Here, the Board undertook the hearing as if it were engaged in a hearing de novo. It reached conclusions, however, as if it were an appellate body, not a tribunal of original jurisdiction. This misapprehension of roles is not unusual in board matters, and we take this opportunity to clarify the varying roles of Boards of Appeal.

### B. Statute

[¶6] In order to determine the proper role of the Board in any particular proceeding, we look both to the statute authorizing municipalities to establish Boards of Appeals and to the municipality's own ordinances. We begin with the statute, which provides that municipal Boards of Appeals

> may receive any oral or documentary evidence but shall provide as a matter of policy for the exclusion of irrelevant,

---

1. To avoid confusion herein, references to Boards of Appeals, including Sedgwick's Zoning Board of Appeal, are to the "Board." Reference to any other Board will include the full name of that Board.

immaterial or unduly repetitious evidence. Every party has the right to present the party's case or defense by oral or documentary *evidence*, to submit rebuttal evidence · and to conduct any cross-examination that is required for a *full and true disclosure of the facts.* 30–A M.R.S.A. § 2691(3)(D) (1996) (emphasis added).

[¶7] Accordingly, unless the municipal ordinance explicitly directs otherwise, a Board must conduct a hearing de novo.[2] When a Board holds a hearing de novo, it does not examine evidence presented to the decision maker or tribunal below,[3] nor does it review the procedure below except to assure that the matter is properly before it. Instead, it looks at the substantive issues afresh, undertakes its own credibility determinations, evaluates the evidence presented, and draws its own conclusions. Thus, in the absence of an explicit ordinance creating a purely appellate review by the Board, the function of the Board is to take evidence, make factual findings, and apply the laws and ordinances to the petition or application at issue, and to do so independently of the decision, if any, of a lower tribunal.

## C. Municipal Ordinances

[¶8] A municipality may, however, by ordinance, provide that its Board of Appeals hear appeals in a solely appellate capacity in certain instances.[4] *See, e.g., Adelman,* 2000 ME 91, ¶ 8, 750 A.2d at 581-82; *Sproul,* 2000 ME 30, ¶ 8, 746 A.2d at 372; *Sanford Properties, Inc.,* 609 A.2d at 288; *Veilleux,* 684 A.2d at 415. If the

ordinance prescribes an appellate function, the Board will review the record of the proceedings before the previous tribunal, review the evidence presented to that body, review the tribunal's written or recorded findings, hear oral or written argument of the parties, and determine whether the lower tribunal erred in reaching its decision.

## D. Hybrid Proceedings

[¶9] In certain types of proceedings, the Legislature has provided for a combination of appellate review and de novo hearing. For example, in the context of a tax abatement appeal, the taxpayer has the burden of persuading the appellate body that the assessor's valuation was "manifestly wrong." *See Chase v. Town of Machiasport,* 1998 ME 260, ¶ 13, 721 A.2d 636, 640; 36 M.R.S.A. § 843(1) (1990 & Supp., 1999). There, the appellate body undertakes its task from a starting point at which the assessor's evaluation is presumed valid. *See Chase,* 1998 ME 260, ¶ 13, 721 A.2d at 640. If the appellant presents evidence to overcome that presumption, the appellate tribunal must undertake an independent evaluation of fair market value based on all relevant evidence presented. In this unusual procedure, the appellate tribunal reviews the decision of a prior decision maker, but does so on an independent review of evidence, including evidence newly presented at the appellate hearing.

[¶10] This type of amalgamated procedure is, however, the exception rather than the rule. Unless the ordinance or

---

**2.** For clarity, we note that a hearing de novo means a new presentation of facts for consideration by a tribunal independent of any prior decision. "On hearing 'de novo' court hears matter as court of original and not appellate jurisdiction." BLACK'S LAW DICTIONARY 721 (6th ed. 1990).

**3.** This does not preclude the parties from agreeing to submit transcripts of testimony presented to the Planning Board as evidence to be considered by the Board in order to conserve expenses. The Board, however, will

undertake its own independent analysis of that evidence.

**4.** Any process must comport with basic concepts of due process. *See generally Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). Accordingly, a Board of Appeals will ordinarily act in a purely appellate fashion only when the applicant or petitioner has had an opportunity for hearing before another tribunal.

statute specifically calls for the Board to act as both factfinder and appellate review tribunal, the Board will act in only one capacity, either as a tribunal of original jurisdiction, holding a hearing de novo, or as an appellate tribunal, reaching its decision on the basis of the record below.

### E. Role of the Sedgwick Zoning Board of Appeals

[¶11] Here, the Town of Sedgwick had not enacted an ordinance specifically providing for purely appellate hearings in particular instances. Although the Sedgwick Shoreland Zoning Ordinance implies that the Board may act as an appellate body,[5] it also suggests that a hearing de novo will occur.[6] Because the Ordinance fails to provide explicit guidance, 30–A M.R.S.A. § 2691 applies to require that the Board undertake a de novo review of the application.

[¶12] The Board initially appeared to undertake a hearing de novo, and it notified the parties that the hearing would be evidentiary and "de novo." The members of the Board appropriately undertook a site review, heard testimony from several witnesses, and accepted documents into evidence. Those actions were consistent with the conduct of a hearing de novo. As the hearing progressed, members of the Board repeated several times that they were conducting a hearing de novo.

[¶13] Contradicting that indication, however, was the Board's expressed belief that its task was to determine whether the Planning Board's decision was supported *by the record before the Planning Board.* Transcripts of the proceeding reveal several *occasions* when the parties and Board members expressed confusion regarding the nature of the hearing and the burden of proof.[7] As a result, neither the parties nor the Board focused their attention on the substantive issue of whether the proposed dock satisfied the Ordinance. Instead, Stewart argued that the Planning Board erred because the Schneiders failed to produce evidence *before the Planning Board* that could satisfy their burden of proof, and the Schneiders rested on the Planning Board's decision, contending that Stewart now bore the burden of proving that the Planning Board erred.

[¶14] In addition, the Board listened to an audio tape recording of one of the Planning Board's meetings, and questioned several members of the Planning Board to determine their thought processes in reaching their decision.[8] The Board voted 3-2 to "uphold the planning board's decision."[9] In the Board's "factual findings," the two dissenting members noted that they "felt that the [P]lanning [B]oard had not paid adequate attention to the letters submitted." The majority noted that "the

---

5. The ordinance provides that the Board "may reverse the decision ... of the Code Enforcement Officer or Planning Board only upon a finding that the decision ... was clearly contrary to specific provisions of this Ordinance." Sedgwick Shoreland Zoning Ordinance § 16(1)(3)(b)(2) (hereinafter Ordinance § ——).

6. "The person filing the appeal shall have the *burden of proof.*" Ordinance § 16(1)(3)(b)(3) (emphasis added). "All decisions shall ... include a statement of *findings* and conclusions ...." Ordinance § 16(1)(3)(b)(5) (emphasis added).

7. The Superior Court noted that the "Board of Appeals' handling of this matter was somewhat disorganized due to the members' unfamiliarity with the process."

8. Inquiry into the thought process of a decision maker is improper, even when the Board is acting as a purely appellate body. The reviewing body must rest its analysis on the expressed findings and conclusions of the lower tribunal.

9. The terms used by a Board to announce a final decision do not necessarily disclose whether the hearing was appellate or de novo. Frequently, a Board that has held a de novo hearing will announce that it is "affirming" the decision below. We understand that language simply to convey the Board's conclusion that it has reached the same decision, independently, that the previous decision maker reached.

[P]lanning [B]oard acted properly and that reversing its decision would be a grave error."

■ [¶15] Thus, notwithstanding the full evidentiary hearing embarked upon by the Board, it saw itself as reviewing the decision of, and the evidence presented to, the Planning Board, rather than examining the substantive merits of the permit application. As a result of this confusion, the Board accepted evidence, but nevertheless reached its decision as if it were an appellate body. Because this amalgamated process met neither the statutory nor ordinance requirements, and had the effect of depriving the applicant and interested parties of the opportunity to have the Board undertake its own analysis of the evidence, the decision of the Board cannot stand.

The entry is:

Judgment vacated. Remand to Superior Court with instructions to remand to the Sedgwick Zoning Board of Appeals for proceedings consistent with this opinion.