STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
Docket No. AP-00-9
JLH-PEN-2/20/2001



FILED AND ENTERED
SUPERIOR COURT

FEB 20 2001

PENOBSCOT COUNTY

Guy Carmel,

)

)

v.                                 )        **ORDER ON APPEAL**

)

)

City of Old Town,                  )

Pursuant to 30-A M.R.S.A. § 2691(3)(G) and M.R.Civ.P. 80B, Guy Carmel appeals from a decision of the City of Old Town Zoning Board of Appeals ("the Board"), affirming the City's Code Enforcement Officer's decision that Carmel violated the City's zoning ordinances by maintaining two storage trailers on his residential property. This appeal raises issues regarding the timeliness of the appeal at bar, the timeliness of the Board's decision and the merits of the Board's decision to deny Carmel's appeal.

**A. Timeliness of the appeal**

The City contends that Carmel failed to file the instant appeal in a timely way and that this court is therefore deprived of jurisdiction over the matter. See Fisher v. Dame, 433 A.2d 366, 371 (Me. 1981).

In November 1999, the City's CEO issued a notice of violation to Carmel. Carmel filed an appeal of that notice with the Board. The Board held a public hearing on February 9, 2000, and issued its initial decision adverse to Carmel on February 22, 2000.[1] That decision was based on a

---

[1] During the February 9 hearing, the Board decided to leave the record open for an additional 7 days, to allow the parties to submit additional written evidence. As far as the record on appeal reveals, the Board's next action is reflected in its letter dated February 22, advising Carmel that it decided to dismiss the appeal because

1

procedural flaw in Carmel's appeal from the CEO's decision. The CEO filed a motion for reconsideration on March 1. On March 21, the Board held a public meeting, granted the motion to reconsider, reconsidered the merits of Carmel's appeal, and denied that appeal on its merits. Carmel then filed his rule 80B appeal to this court on April 14, 2000.

A party may commence an appeal to the Superior Court from a decision of a municipal board of appeals "within 45 days of the date of the vote on the original decision . . . ." See 30-A M.R.S.A. § 2691(3)(G).[2] If this period of limitations commenced on February 22 and ran without interruption, the last day to file a timely appeal would have been on or about April 7. However, during the period between February 22 (the inferred date of the Board's vote) and April 14 (the date this appeal was filed), the CEO's motion for reconsideration was pending for 21 days. Section 2691(3)(F) expressly vests a party with the right to seek reconsideration a Board's decision, and that statute creates a defined procedure under which the Board may entertain such a motion. Under those circumstances, the period of limitations is tolled while a motion for reconsideration is pending. See Cardinali v. Town of Berwick, 550 A.2d 921, 921 (Me. 1988) Therefore, in the case at bar, the pendency of the

---

Carmel failed to perfect his appeal from the CEO's decision to the Board. The court infers -- and the parties do not argue otherwise -- that the operative date for the Board's decision was February 22 and not some earlier date.

[2] The City's ordinance allows an appeal within 30 days "after the decision is rendered . . . ." CITY OF OLD TOWN ZONING ORDINANCE § 107.3(r). Although, for the reasons discussed in the text, Carmel's commenced this Superior Court action in conformity with the times set both by state statute and municipal ordinance, it is likely that the provisions of section 2691(3)(G) supersede the directly inconsistent provisions of the ordinance. See International Paper Co. v. Town of Jay, 665 A.2d 998, 1002 (Me. 1995); 30-A M.R.S.A. § 3001.

CEO's motion for reconsideration tolled the appeal period, and Carmel's appeal to the Superior Court was timely.

## B. Timeliness of the Board's decision

Carmel argues that the Board did not issue its decision in a timely way and that it is therefore void.[3]  He bases his argument on the City's ordinance that requires the Board to issue a decision within 30 days "following the public hearing on such appeal." CITY OF OLD TOWN ZONING ORDINANCE § 107.3(q).  For purposes of this discussion, the court assumes without deciding that the public hearing took place on February 9.

The City responds by contending that this municipal requirement is not enforceable because it has been superseded by the procedural provisions found in 30-A M.R.S.A. § 2691.  The court disagrees.  In matters germane to this case, municipalities are authorized to enact ordinances regulating the procedure before a board of appeals if that authority is grounded in the Maine Constitution or, otherwise, if the legislature has not foreclosed such municipal action or intended to occupy the field itself. 30-A M.R.S.A. § 3001; International Paper, 665 A.2d at 1002.  Here, the legislature in fact has established several requirements regarding the times in which certain acts must be taken in connection with proceedings pending before a municipal zoning board of appeals.  The time within which a board must issue its original decision, however, is not one of those regulated areas.  Rather, the legislature has established time frames relevant to motions for reconsideration and appeals to the Superior Court. See 30-A M.R.S.A. §§ 2691(3)(F), (G).  Because the time limit addressed in

---

[3]Carmel does not argue, however, the consequences of such a result.  The court does not reach this issue, because the Board's decision appears to have been timely.

3

section 107.3(q) of the City's ordinances is not covered by the state statute either directly or by implication, and because this additional requirement does not appear to frustrate any state objective, see International Paper, 665 A.2d at 1002, it falls within the City's home rule authority.

Nonetheless, the record shows that the Board complied with the ordinance. The Board held its public hearing on February 9, 2000, and issued its decision thirteen days later, on February 22. This satisfied the requirements of section 107.3(q). Then, as a distinct component of the Board's proceedings, the CEO filed a motion for reconsideration. With that filing, the Board's proceedings became governed by 30-A M.R.S.A. § 2691(3)(F). That provision authorized the Board to reconsider its decision "within 30 days of its prior decision." Id. That same provision also required the Board to complete consideration "within 30 days of the date of the date of the vote on the original decision." Here, the Board satisfied both elements of section 2691(3)(F). It reconsidered it February 22 decision on March 21 (28 days after its prior decision); and it completed its consideration of the motion to reconsider on March 21 because at the March 21 meeting, it voted on the motion to reconsider and all other issues generated by its action on that motion. Indeed, on March 21, the Board completed its action on Carmel's appeal. All that remained was the Board's obligation to provide Carmel with written notice of its decision, see 30-A M.R.S.A. § 2691(3)(E), which was done on March 23 (30 days after the date of the original decision).

In arguing that the Board issued its decision outside of the parameters established by the ordinance, Carmel treats the March 21 decision as the one subject to the 30 day requirement found in section

4

107.3(q). Although the legislature's enactment of section 2691 did not foreclose municipal enactment of provisions such as section 107.3(q), Carmel's juxtaposition of the two laws would run afoul of section 3001 and the Law Court's holding in International Paper. Section 2691(3)(F) expressly allows a party to seek a board's reconsideration, and the board may act on that motion within 30 days of the date of the original decision. In effect, this statute adds 30 days to any time limit that may be imposed locally on the issuance of the "prior decision." If a motion for reconsideration is filed on any date after the date a board issues its decision, then, under Carmel's reading of section 107.3(q), a board would be deprived of the full 30 days granted to it under section 2691(3)(F) in which it is entitled to consider and act on the motion. Alternatively, section 107.3(q) may be read to require only that the Board decide an appeal within 30 days of the public hearing (which, here, it did). Section 2691(3)(F) then creates a separate procedure governing a board's treatment of a motion for reconsideration and, in particular, the time limits controlling that process. Indeed, the references in section 2691 to the "prior decision" and the "original decision" support this construction.

Accordingly, the Board issued both its original decision and its final decision in conformity with applicable law.

## C. Merits of the appeal

Carmel's property is located in one of the City's "General Residence R-2" zones. On that property, he maintained two storage trailers. In his notice of violation dated November 21, 1999, the CEO described the trailers as "large." According to the minutes from the Board's February 9 meeting, Carmel used the trailers to store "[b]asically, all his tools, [home building]

5

materials, and furniture . . . ." Carmel contends that the maintenance of these trailers is an accessory use to a residence and that it is therefore permitted by the City's ordinance.

Uses permitted in the City's R-2 zone include those that are also allowed in its R-1 zone.[4] CITY OF OLD TOWN ZONING ORDINANCE § 111.1(b)(1). In an R-1 zone, an owner or occupant may maintain a single-family dwelling and "[a]ccessory uses or buildings, including private garages." Id. §§ 111.0(b)(1), (7). An "accessory use or building" is defined as "[a] use or structure on the same lot with and customarily incidental and subordinate to the principal use or building." Id. § 102. The Board implicitly concluded[5] that the storage trailers are not accessory uses that may be maintained in a R-1 zone and therefore in a R-2 zone.[6]

"Whether a proposed use, principal or accessory, falls within a given categorization contained in zoning regulations is a question of law . . . ." Singal v. City of Bangor, 440 A.2d 1048, 1051 (Me. 1982). However,

> the application to a particular situation of the concept of accessory use or structure as defined by the instant zoning ordinance may often present and depend upon questions of fact for initial administrative determination by building inspectors and zoning board of appeals officials, even though the meaning of terms or expressions in zoning ordinances is a question of construction and one of law for the Court.

---

[4]The R-2 zone also includes uses that exceed those permitted in the R-1 zone.

[5]Carmel does not seek any relief based on alleged inadequacies in the extent to which the Board set out its written conclusions. See 30-A M.R.S.A. § 2691(3)(E).

[6]Carmel does not argue on this appeal that the trailers constituted accessory structures. Thus, the only issue is whether they were accessory uses.

6

Town of Shapleigh v. Shikles, 427 A.2d 460, 465 (Me. 1981), cited in Boivin v. Town of Sanford, 588 A.2d 1197, 1200 (Me. 1991).

A use is "customarily incidental" to a primary use when it "is by custom 'commonly, habitually and by long practice established as reasonably associated with the primary use.'" Town of Shapleigh, 427 A.2d at 465, quoted in Boivin, 588 A.2d at 1200. This is a factual issue, at least in part. In considering the municipality's decision, this court reviews the decision of the Board directly, rather than the decision of the CEO. See 30-A M.R.S.A. § 2691(3)(D); Stewart v. Town of Sedgwick, 2000 ME 157, ¶ 7, 757 A.2d 773, 776 (municipal boards of appeals conduct hearings de novo, unless the local ordinance explicitly directs otherwise, which, in the case at bar, it does not). The Board's decision is examined for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record. Wesson v. Bremen, 667 A.2d 596, 598 (Me. 1995). Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion. Adelman v. Town of Baldwin, 2000 ME 91, ¶ 12, 750 A.2d 577, 583.

Here, at the February 9 hearing, the Board was presented with evidence from members of the public that the trailers were not consistent with the features and quality of the neighborhood. This evidence provided rational support for the Board's factual finding that the presence of the trailers violated the restrictions applicable to the R-2 zone.

Further, to the extent that the categorization of these undisputed facts is tantamount to an issue of law that is grounded on the interpretation of the term, "accessory use," the Board did not err. Maintenance of large storage trailers on residential property is not

7

customary, as the maintenance of a conventional garage or shed would be. While, as Carmel argues, the owner or occupant of residential property ordinarily stores personalty on that property, it cannot be said that the use of large storage trailers for that purpose "contribute[s] to balanced neighborhoods and enhance[s] the attractiveness of the community." See CITY OF OLD TOWN ZONING ORDINANCE § 111.1(a).

The entry shall be:

For the reasons set out in the order dated February 19, 2001, the appeal is denied.

Dated:   February 19, 2001

_____
Jeffrey L. Hjelm
JUSTICE, SUPERIOR COURT

| Date Filed | 4/14/2000 | PENOBSCOT | | Docket No. | closed |
|---|---|---|---|---|---|

Date Filed ___4/14/2000___ ___PENOBSCOT___ County Docket No. ___*closed* AP-2000-09___

Action ___80B APPEAL___

JEFFREY L. HJELM, ASSIGNED JUSTICE

GUY CARMEL vs. CITY OF OLD TOWN

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| BILLINGS & SILVERSTEIN<br>P O BOX 1445 - 47 Main Street<br>BANGOR ME 04402-1445<br>BY: J. Hilary Billings, Esq. | ROBERT E. MILLER, ESQ<br>17 N. MAIN STREET<br>P O BOX 414<br>OLD TOWN, ME 04468-0414 |

| Date of Entry | |
|---|---|
| 4/14/00 | Complaint - 80B - filed - Exhibits 1, 2, 3 & 4 attached. |