STATE OF MAINE                                        SUPERIOR COURT
PENOBSCOT, ss                                         CIVIL ACTION
                                                      DOCKET # AP-02-08



FILED & ENTERED
SUPERIOR COURT
APR 18 2003
PENOBSCOT COUNTY

DONALD L. GARBRECHT
LAW LIBRARY

APR 29 2003

GARY A. DRINKWATER,                    )
          Plaintiff                    )
                                       )
v.                                     )              DECISION AND
                                       )              ORDER
TOWN OF MILFORD, et. al.,              )
          Defendants                   )

Pending before the Court is Gary A. Drinkwater's (the "Plaintiff") appeal, pursuant to M.R. Civ. P. 80(B), from the Milford Planning Board's (the "Board") decision granting Me. Chips's permit application. For the following reasons the Court denies the Plaintiff's appeal.

## Background

Thomas Thornton, Vice President of Defendant Me. Chips, informed the Board that he would be seeking its permission to use a portion of their property, identified as Lot 69 on the Milford Assessor's Tax Map, as an "automotive repair and office in 4,000 square foot building". Mr. Thornton, at some point in time, filed a sketch plan showing the location of the proposed use. The Board informed Mr. Thornton that he would need to file a written application before they could consider the merits of his request. On January 9, 2002, Mr. Thornton filed an application for a site review with the Milford Code Enforcement Officer. On February 5, 2002, the Board held a public hearing on Mr. Thornton's application. Mr. Thornton described the primary use of the property as a truck/trailer facility along with Me. Chips' main office. The Board determined that the Milford Land Use Ordinance authorized the use and approved the application.[1] The

---

[1] The Board submitted a Notice of Decision after the Plaintiff filed the present action.

1

Plaintiff appealed the Board's decision to the Zoning Board of Appeals (the "ZBA"). After a hearing the ZBA denied the Plaintiff's appeal and issued a Notice of Decision. The Plaintiff then filed the present complaint.

## Discussion

Courts review a municipality's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Griffin v. Town of Dedham, 2002 ME 105, ¶6, 799 A.2d 1239. Courts review the operative municipality decision. Stewart v. Town of Sedgwick, 2000 ME 157, ¶4, 757 A.2d 773. In situations where the ZBA acts in an appellate capacity the Court reviews the decision of the previous tribunal. Id. If however, the ZBA has conducted a hearing de novo the Court will examine the ZBA's decision. Id. "When a [ZBA] conducts a hearing de novo, it does not examine evidence presented to the decision maker or tribunal below, nor does it review the procedure below except to assure that the matter is properly before it. Instead, it looks at the substantive issues afresh, undertakes its own credibility determinations, evaluates the evidence presented, and draws its own conclusions." Id at ¶7.

In the present matter the ZBA held a hearing and reviewed the Board's findings, found that the Plaintiff did not meet his burden of proof in proving the Board's decision improper, and found that the Board did not commit any significant administrative or interpretive errors. The ZBA was clearly acting in an appellate capacity and did not engage in new examination of the substantive issues. Further, section VI (L)(1) of Milford's municipal code, describing the ZBA's appellate function, provides that:

> The [ZBA] shall hear and decide appeals where it is alleged that there is any error in any order, requirement, decision, or determination made by, or failure to act by, the Code Enforcement Officer or the Planning Board in the administration of this Ordinance. When errors of administrative procedures or interpretation are found,

2

the case shall be remanded to the Code Enforcement Officer or Planning Board for correction.

Therefore, the Court will review the Board's decision.

However, the Defendant claims the Plaintiff does not have standing to appeal the Board's decision. In order for a party to have standing to appeal a board's decision he must demonstrate that (1) he appeared before the board; and (2) he has suffered a particularized injury as a result of the board's actions. Lloyd Wells et al. v. Portland Yacht Club et al., 2001 ME 20, ¶4, 771 A.2d 371.[2] In municipal land use cases a plaintiff demonstrates "particularized injury" when he is able to prove that the judgment adversely and directly affects his property, pecuniary or personal rights. Charlton v. Town of Oxford, 2001 ME 104, ¶30, 774 A.2d 366.

The Plaintiff claims that his parent's property, where he also works, abuts the property in question. However, this does not qualify the Plaintiff as an abutter and therefore the minimal threshold requirement for abutters does not apply. See Lloyd Wells, 2001 ME at ¶4 (citing Sproul v. Town of Boothbay Harbor, 2000 ME 30, ¶6-7, 746 A.2d 368, 371) ("the threshold requirement for an abutter to have standing is minimal" he "need only allege a potential for particularized injury to satisfy standing.") Although a plaintiff need not demonstrate a high degree of proof of a particularized injury to establish standing, the record before this Court reveals that the Plaintiff has not demonstrated *any* "particularized injury" as a result of the Board's decision. The Plaintiff claims in his brief that he has a future interest in his parent's property and that the proposed use could adversely affect the property's value. The record does not reveal any evidence that supports the Plaintiff's contention that he has a future interest in the

---

[2] The Defendant does not contest the fact that the Plaintiff appeared before the Board.

property or his claim that the proposed use would adversely affect the value of the property.[3] Based on the record before the Court the Plaintiff has not demonstrated that the decision "adversely and *directly* affects *his* property, pecuniary or personal rights."

THE DOCKET ENTRY IS:

The Petitioner's appeal is hereby denied.

The clerk is ordered to incorporate this decision into the docket by reference.

DATED: 4-18-03

_____
Justice, Superior Court
Andrew M. Mead

---

[3] The Court notes that the record does not contain a transcript of the proceedings before the Board. It is the Plaintiff's burden to insure the preparation and submission of the record the Court is to review. M.R. Civ. P. 80(B)(e).

4

Date Filed <u>April 10, 2002</u>  <u>PENOBSCOT</u>  Docket No. <u>AP-2002-8</u>
County

Action <u>80B - Governmental Body</u>  **ADR Exempt**

### ASSIGNED TO JUSTICE ANDREW M. MEAD

| | |
|---|---|
| GARY A. DRINKWATER | ME. CHIPS, INC. **(added 9/25/02)** <br> vs. TOWN OF MILFORD |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GARY A. DRINKWATER, Pro se <br> 26 EMERALD DRIVE <br> MILFORD, ME  04461 | ROBERT E. MILLER, ESQ. <br> P O BOX 414 <br> OLD TOWN, ME.  04468-0414 |
| | EATON PEABODY <br> P O BOX 1210 <br> BANGOR, ME.  04402-1210 <br> BY:  WILLIAM B DEVOE, ESQ. <br> FOR:  ME. CHIPS, INC. |

| Date of Entry | |
|---|---|
| 4/10/02 | Complaint Rule 80B and Declaratory Judgment filed.  (attachment attached) |
| 4/11/02 | Notice and Briefing Schedule 80B Appeal of Governmental Actions filed. Copy forwarded to Pro se Plaintiff.  (Gary A. Drinkwater, 26 Emerald Drive, Milford, ME.  04461) |
| 4/23/02 | Entry of Appearance filed on behalf of Town of Milford. |
| 4/23/02 | Motions to Dismiss filed by Defendant. |
| 4/23/02 | Memorandum of Law in Support of Motions to Dismiss filed by Defendant. |
| 4/23/02 | Affidavit of Cynthia A. Grant filed by Defendant. |
| 4/23/02 | Request for Hearing filed by Defendant. |
| 4/24/02 | Copy of Notice and Briefing Schedule 80B Appeal of Governmental Actions forwarded to counsel for the Defendant. |
| 4/25/02 | Defendant's Answer to Plaintiff's Complaint filed. |
| 5/1/02 | Plaintiff's Memorandum in Opposition to Defendant's Memorandum of Law and Motion to Dismiss filed. |
| 5/1/02 | Request for Expedited Hearing on Defendant's Motions to Dismiss filed by Plaintiff, Pro Se. |
| 5/1/02 | Land Use Ordinance of the Town of Milford Maine filed by Plaintiff, Pro Se. |
| 5/1/02 | Return of Service as to Defendant filed.  (s.d. 4/11/02 service made by Noreen Nee, Esq.) |