STATE OF MAINE
HANCOCK, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET # AP-03-11

SUSAN COVINO BUELL,                    )
                                       )
            Plaintiff                  )
                                       )
v.                                     )          DECISION AND
                                       )          ORDER
TOWN OF SOUTHWEST HARBOR,              )
                                       )
and                                    )
                                       )
EDMUND S.B. GILLESPIE                  )
                                       )
            Defendants                 )

SEP    2003

Defendants Town of Southwest Harbor (herein, "the Town") and Edmund S.B.

Gillespie (herein, "Gillespie") move to dismiss Plaintiff's Complaint pursuant to Rule

12(b)(6) of the Maine Rules of Civil Procedure.

## Background

On January 30, 2003, Gillespie received approval for a subdivision from the

Town's Planning Board. Pursuant to the Town's Subdivision Ordinance, Plaintiff

appealed the Planning Board's decision to the Town's Board of Appeals. On April 15,

2003, the Town's Board of Appeals acting in an appellate capacity affirmed the Planning

Board's decision approving Gillespie's subdivision. On May 30, 2003, Plaintiff appealed

the Town's Board of Appeals decision to the Superior Court pursuant to M.R.Civ.P. 80B.

On appeal, Plaintiff argues that the Town's Subdivision Ordinance entitled her to

a *de novo* review. Plaintiff asserts that the Town's Board of Appeal's decision to conduct

an appellate review rather than a *de novo* review constitutes an abuse of discretion and

error of law. Plaintiff requests this court to vacate the decision of the Town's Board of

1

Appeals and to remand the matter for a *de novo* hearing. In response, on June 20, 2003, Gillespie and the Town[1] moved to dismiss Plaintiff's Complaint pursuant to M.R.Civ.P. 12(b)(6), arguing Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Town's ordinances authorized the Board of Appeals to conduct a purely appellate review in this particular proceeding.

## Discussion

### A. Standard of Review.

A motion to dismiss pursuant to M.R.Civ.P. 12(b)(6), tests the legal sufficiency of Plaintiff's Complaint. Thompson v. Department of Inland Fisheries and Wildlife, 2002 ME 78, ¶ 4, 796 A.2d 674. The Court accepts the plaintiff's material allegations as admitted and examines the complaint in the light most favorable to the plaintiff. Id. A dismissal for failure to state a claim is proper only when it appears beyond doubt that any set of facts a plaintiff might prove at trial would not entitle her to relief. Id. The legal sufficiency of a complaint is a question of law. Id.

M.R.Civ.P. 80B provides for review of governmental action. Appeals to the Superior Court pursuant to Rule 80B must be "provided by statute or otherwise." Rule 80B(a). Section XII of the Town's Board of Appeals Ordinance provides that a "decision of the Board of Appeals may be taken . . . by any party to the Superior Court in accordance with [Rule 80B]." Southwest Harbor, Me., Board of Appeals Ordinance for the Town of Southwest Harbor, § XII (May 8, 1990). Review is limited to the record below unless a motion for trial of facts is granted. Rule 80B(d) & (f).

---

[1] The Town actually joined Gillespie's Motion to Dismiss in June 25, 2003.

Courts review a municipality's decision for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record. Griffen v. Town of Dedham, 2002 ME 105, ¶ 6, 799 A.2d 1239. "Courts review the operative municipality decision." Drinkwater v. Town of Milford, Penobscot Superior Court docket no. AP-02-08, entered April 18, 2003 (*citing* Stewart v. Town of Sedgwick, 2000 ME 157, ¶ 4, 757 A.2d 773). If the Town's Board of Appeals acted in an appellate capacity, this court would examine the decision of the previous tribunal, the Town's Planning Board. *See* id. If however, the Town's Board of Appeals had conducted a *de novo* review, this court would examine the Board of Appeals' decision. Id.

However, this court must first determine whether it was proper in light of the applicable law for the Town's Board of Appeals to act in an appellate capacity rather than conduct a *de novo* review regarding Plaintiff's appeal from the Planning Board's decision to approve Gillespie's subdivision. The answer to this question will determine whether the court should address the merits of Plaintiff's appeal and review the decision of the Town's Planning Board or remand this case to the Town's Board of Appeals with orders for it to conduct a hearing *de novo*.[2]

## B. Applicable Statutory Law

To determine the proper role of a municipal board of appeals, a court must look at the statute authorizing municipalities to establish a board of appeals and to the municipalities own ordinances. Stewart, 2000 ME 157, ¶6, 757 A.2d at 775; *see also*

---

[2] To be clear, we note that conducting a *de novo* hearing or review means "a new presentation of facts for consideration by a tribunal independent of any prior decision." *Stewart*, 2000 ME 157, ¶7, n2, 757 A.2d at 776. "On hearing *de novo* court hears matter as court of original and not appellate jurisdiction." Blacks Law Dictionary 721 (6th ed. 1990).

<u>Yates v. Town of Southwest Harbor</u>, 2001 ME 2, ¶11, 763 A.2d 1168, 1171. Title 30-A

M.R.S.A. § 2691 establishes hearing procedures to be followed by a municipal board of

appeals. This statute provides:

> [t]he [board of appeals] may receive any oral or documentary evidence but shall provide as a matter of policy for the exclusion of irrelevant, immaterial or unduly repetitious evidence. Every party has the right to present the party's case or defense by oral or documentary evidence, to submit rebuttal evidence and to conduct any cross-examination that is required for a full and true disclosure of the facts.

30-A M.R.S.A. § 2691(3)(D). These procedures are characteristic of a fact-finding entity

and the Courts have made it clear that § 2691(3)(D) requires boards of appeals to conduct

hearings *de novo*, unless the municipal ordinance "explicitly directs otherwise." <u>Stewart</u>,

2000 ME 157, ¶7, 757 A.2d at 776; <u>Yates</u> 2001 ME 2, ¶11, 763 A.2d at 1171.

A municipality may create an appellate role for its board of appeals though an

ordinance which establishes the appellate function of the board of appeals in "explicit

terms." <u>Id</u>. Therefore, this court must examine the Town's ordinances that apply to the

proceedings before the Town's Board of Appeals to determine its proper role in

Plaintiff's appeal.

## C. Role of the Town's Board of Appeals.

The Town's Subdivision Ordinance governs the subdivision application and

approval process. Southwest Harbor, Me., Subdivision Ordinance of Southwest Harbor,

(May 8, 1990). It is separate and distinct from the Town's Land Use Ordinance, which is

not applicable to Plaintiff's appeal. *See* <u>Thompson v. Town of Casco</u>, Cumberland

Superior Court docket no. AP-02-09, entered Feb. 10, 2003 (*citing* <u>Levesque v.</u>

<u>Inhabitants of Town of Eliot</u>, 448 A.2d 876, 877 (Me. 1982) (holding "subdivision

ordinances are not zoning ordinances.")). The Town also has enacted an ordinance

4

governing the procedures to be followed by the Board of Appeals. Southwest Harbor, Me., Board of Appeals Ordinance for the Town of Southwest Harbor (May 8, 1990). Therefore, this court must look to the terms of the Town's Subdivision Ordinance and the Town's Board of Appeals Ordinance to determine whether the Town "explicitly" created an appellate role for its Board of Appeals, which apply to the proceedings before this court.

The Town's Subdivision Ordinance permits an aggrieved party to appeal any decision of the Planning Board made pursuant to the Subdivision Ordinance to the Board of Appeals within thirty days. Southwest Harbor, Me., Subdivision Ordinance of the Town of Southwest Harbor, § XII (May 8, 1990). This is the only provision in the Subdivision Ordinance regarding appeals.

The Town's Board of Appeals Ordinance contains provisions regarding appeals which are almost identical to those analyzed by the Supreme Judicial Court of Maine in Stewart and Yates. *See* Stewart, 2000 ME 157, ¶ 7, n5-6, 757 A.2d at 777; Yates 2001 ME 2, ¶ 12, 763 A.2d at 1172. Like the ordinances in Stewart and Yates, the Town's Board of Appeals Ordinance provides:

> [t]he [Board of Appeals] may reverse the decision of the . . . Planning Board or direct the Planning Board . . . to act, only upon finding that the decision, or failure to act, was clearly contrary to specific provisions of the ordinance in question or unsupported by substantial evidence in the record.

Southwest Harbor, Me., Board of Appeals Ordinance for the Town of Southwest Harbor, § X(E) (May 8, 1990). The Court in Stewart stated that this provision implies that the Board of Appeals is to act as an appellate body. Stewart, 2000 ME 157, ¶ 11, 757 A.2d at 777. The Town's Board of Appeals Ordinance also provides that:

5

[a]ll decisions shall become a part of the record and must include a statement of the Findings of Fact and Conclusions, upon all the material issues of fact, law or discretion presented and the appropriate order, relief or denial [of] relief.

Southwest Harbor, Me., Board of Appeals Ordinance for the Town of Southwest Harbor, § X(B) (May 8, 1990). The Court in Stewart stated that this provision implies that the Board of Appeals is to conduct a *de novo* hearing. Id. Therefore, the Court in Stewart concluded that "[b]ecause the ordinance fails to provide explicit guidance, 30-A M.R.S.A. § 2691 applies to require that the [Board of Appeals] undertake a *de novo* review of the application."[3]

Neither the Town's Subdivision Ordinance nor the Town's Board of Appeals Ordinance explicitly provides for the Board of Appeals to hear appeals regarding approvals or denials of subdivisions in an appellate capacity. Therefore § 2691(3)(D) applies and the Board of Appeals should have heard Plaintiff's appeal *de novo*.

## Conclusion

In the absence of an "explicit" provision in the Town's Subdivision Ordinance or the Town's Board of Appeals Ordinance creating a purely appellate review by the Board of Appeals, "the function of the [Board of Appeals] is to take evidence, make factual findings, and apply the laws and ordinances to the petition or application at issue, and to

---

[3] The Town and Gillespie rely on Yates in asserting that the Town's Board of Appeals was correct in conducting a purely appellate review of Plaintiff's appeal. It should be noted that the legal analysis in Yates remains unchanged from the legal analysis in Stewart. Although the Court in Yates also analyzes the Town's Board of Appeals Ordinance, the Yates decision can be distinguished because it turned on a key provision in the Town's Land Use Ordinance, which as discussed *supra*, is not applicable here. *See* Yates, 2001 ME 2, ¶13, 763 A.2d at 1172. This provision allowed the Yates Court to conclude that the municipal ordinance "explicitly" provided for the Board of Appeals to act as an appellate body in reviewing the Planning Board's denial of an application for a Flood Hazard Development Permit.

6

do so independently" of the Planning Board's decision to approve Gillespie's subdivision. Stewart, 2000 ME 157, ¶7, 757 A.2d at 776. The review conducted by the Town's Board of Appeals did not meet either the statutory or the ordinance requirements. The Board of Appeals committed an error of law by acting as an appellate body in reviewing Plaintiff's appeal, rather then conducting a hearing *de novo*. Accordingly, the matter is remanded to the Board of Appeals for proceedings consistent with this Decision and Order.

The Clerk may incorporate this Decision and Order into the docket by reference.

DATED: August 29, 2003

Justice, Maine Superior Court

FILED &
ENTERED

SEP 03 2003

SUPERIOR COURT
HANCOCK COUNTY