STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-014

CONCERNED CITIZENS OF LYMAN,

Plaintiff

v.

TOWN OF LYMAN, et al.,

Defendants

ORDER
AND
DECISION

DONALD L. GARBRECHT
LAW LIBRARY

JUN 30 2004

Concerned Citizens of Lyman has appealed from a February 5, 2004 decision of the Lyman Zoning Board of Appeals which granted a conditional use permit to John Lapointe to operate a gravel pit. The first issue that has been raised through the motion to dismiss of Mr. Lapointe is whether Concerned Citizens has standing to bring this appeal.

Pursuant to 30-A M.R.S.A. §2691(3)(G) any party may appeal a decision of a zoning board of appeals, sometimes called a board of appeals, to the Superior Court. "The two-pronged test of 'party' status for the purposes of Section 2691 is now well-established: An appellant must have participated before the board, and must make a showing of a particularized injury." *Brooks v. Cumberland Farms, Inc.*, 1997 ME 203, ¶8, 703 A.2d 844, 847. In this case the focus of the dispute is whether Concerned Citizens "participated before the board."

Concerned Citizens of Lyman was incorporated in September of 2003 as a domestic nonprofit corporation. Its incorporators include an individual who participated in proceedings before the Lyman Zoning Board of Appeals. However, at no point did the separate legal entity Concerned Citizens of Lyman participate despite

the provision in the Lyman Zoning Ordinance, at Section 5.9.3.3.E which states that "At any hearing, a party may be represented by agent or attorney." No one came forward and said that he or she was the agent or attorney for Concerned Citizens or used similar terminology. While people who share the views of Concerned Citizens participated it did not.

An organization can be a party to a zoning dispute for purposes of obtaining standing to appeal. In *Grand Beach Association v. Town of Old Orchard Beach*, 516 A.2d 551, 552-3 (Me. 1986) the association attended the hearing and was represented by an attorney. The opinion notes that the plaintiffs, including the association, "appeared and participated." See 553. In *Lakes Environmental Association v. Town of Naples*, 486 A.2d 91, 3 (Me. 1984) the association's executive director appeared at the local board meeting. As the Court noted, at 93, "Plaintiffs appearances before the Board coupled with their allegations of particularized injury are sufficient to give the plaintiffs standing." The motion to dismiss for lack of standing is granted.[1]

Had the merits of the appeal been reached I would have stated in greater detail that the Board was correct in conducting a *de novo* hearing rather than acting in a purely appellate capacity. *Stewart v. Town of Sedgwick*, 2000 ME 157, ¶7, 757 A.2d 773, 776 and Section 5.9.2 of the Lyman Zoning Ordinance. There was substantial evidence to support the Board's findings and those findings, given their evidentiary support, cannot be overturned on appeal. It is not the function of an appellate court to choose between conflicting views but to determine whether the findings that were made had substantial evidence to support them. I would also have found that constitutional issues regarding vagueness had not been raised in a timely manner and that the use of the word

---

[1]  The motion to dismiss was filed on March 25, 2004. An amended petition for review was filed in April 22, 2004 which did not seek to add individual plaintiffs despite the fact that the issue of standing had been raised.

2

"significant" in Section 5.9.3.4 of the Lyman Ordinance was not void for vagueness. Lastly, the neighbors could not deny access to the developer for purpose of surveying contour lines and then complain that the necessary detail in the contours was missing. See 4.5(3).

The entry is:

Appeal dismissed.

Dated:       June 18, 2004

Paul A. Fritzsche
Justice, Superior Court

ERICA L. FRANK, ESQ. - PL
WILLIAM DALE, ESQ. - DEF. TOWN OF LYMAN
PAUL F. DRISCOLL, ESQ. - DEF. JOHN LAPOINT