STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-04-47 ,
TED-CUM-9/28,2007

ANNE BUREAU, *et al.*,

Plaintiffs,

v.

DECISION AND ORDER
ON CROSS MOTIONS FOR
SUMMARY JUDGMENT

CITY OF WESTBROOK, *et al.*,

Defendants.



## I. BEFORE THE COURT

A. Defendants' Motion to Strike

B. Plaintiffs' Motion for Summary Judgment

C. Defendants' Motion for Summary Judgment

## II. PROCEDURAL HISTORY & BACKGROUND

The plaintiffs initiated this action with a four-count complaint and 80B appeal from the decision of the City of Westbrook Planning Board (Board) and City Council to rezone a parcel of property known as the "Saunders' Property." They ask for declaratory judgment, injunctive relief, and allege a violation of Maine's Freedom of Information Act (FOIA). The City of Westbrook (City) answered the complaint along with a motion to dismiss Count I (80B appeal) and Count IV (FOIA violation). This court previously granted the City's motion to dismiss Counts I and IV.

The plaintiff subsequently amended the complaint two times. The operative complaint is the Second Amended Complaint filed on September 12, 2006. It repeats the 80B appeal and FOIA allegations, but notes that those counts were previously dismissed.

Count II seeks declaratory judgment, 14 M.R.S.A. § 5954-5957, that the act to rezone the Saunders Brothers' parcel from "industrial" to "gateway commercial" is null and void due to a violation of plaintiffs' constitutional rights to due process of law.

Count III seeks injunctive relief to prohibit the implementation of the approved zoning change and to require the City "to begin again the consideration of what is the proper zoning classification of the parcel."

The plaintiffs also filed a Motion for Summary Judgment with the necessary supporting documents.

Both defendants filed an answer to the Second Amended Complaint, a joint opposition to plaintiffs' summary judgment motion, a Motion to Strike and their own Motion for Summary Judgment with supporting documents.

## III. DISCUSSION

### A. Motion to Strike

The defendants argue that plaintiffs have included inadmissible, inaccurate or incomplete information in their statement of material facts. Rule 56(h)(4) directs that court may only consider facts supported by record citations. Rule 56 requires parties "to come forward with affidavits or other materials setting forth by competent proof specific facts that would be admissible in evidence to show . . . that a genuine issue of fact exists." *Bangor & Aroostook R.R. Co. v. Daigle*, 607 A.2d 533, 535-36 (Me. 1992). The court is competent to discern what evidence it may properly consider as supporting facts contained in a parties statement of material facts.[1]

---

[1] After the filing of the Motion to Strike, but before the court heard oral argument, the Law court approved an amendment to the Civil Rules by adding Rule 56(i) which prohibits the filing of motions to strike. Any objections to a Statement of Material Facts are to be stated in the reply. This eliminates the need for "multiple subsidiary motions and needless additional filings in the form of motions to strike and objections thereto." *See* Advisory Committee Note to "Amendments to the Maine rules of Civil Procedure", effective April 2, 2007.

2

## B. Summary Judgment Motions

Essential uncontested facts, including dates of Planning Board and City Council meetings, are outlined in the statements of material fact:[2]

1. Saunders filed a request for zone change for its property from "Industrial" to "Gateway Commercial" on February 10, 2004. DASMF ¶ 96.

2. The Planning Board had a hearing on February 24, 2004, March 23, 2004, March 27, 2004 and April 6, 2004. DASMF ¶98.

3. The public was instructed not to discuss the zone change in terms of development by Wal-Mart. DASMF ¶ 111.

4. The Planning Board voted on April 6, 2004 in favor of recommending the zone change positively to the city council. DASMF ¶ 131.

5. The City Council met on July 12, 2004 and held a public hearing on the proposed zoning for the Saunders' property. DASMF ¶ 146.

6.Prior to the July 12, 2004 meeting, the City Council had a memorandum prepared, which it distributed at the meeting concerning the Saunders' property zone change. DASMF ¶ 137.

7. The City Council approved the zone change on August 2, 2004. DASMF ¶ 152.

8. The City Council adopted a comprehensive plan on December 4, 2000 and amended it on April 8, 2002. DASMF ¶ 64.

9. The City Council adopted zoning ordinances on February 9, 2004, including a zoning map. DASMF ¶ 65.

## C. Summary Judgment Standard

The court will grant a motion for summary judgment when no genuine issue of material facts exists and any party is entitled to judgment as a matter of law. *Gagnon's*

---

[2] The number of material facts set out by all parties is grossly excessive and far exceeds the requirements of rule 56(h).

"The filing of unnecessarily long or repetitively statements of material facts needlessly complicates the summary judgment process. . . . We discourage organizing material facts by tracking the averments made in several affidavits submitted in support of the statements, where such organization results in the same facts being repeated multiple times."

*Stanley v. Hancock County Commissioners*, 2004 ME 157, ¶ 28, 864 A.2d 169, 178.

3

*Hardware & Furniture v. Michaud*, 1998 ME 265, ¶ 5, 721 A.2d 193, 194; M.R. Civ. P. 56(c). "A material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84 ¶ 6, 750 A.2d 573, 575. "A genuine issue exists when sufficient evidence requires a fact finder to choose between competing versions of the truth at trial." MP Assocs. v. Liberty, 2001 ME 22, ¶ 12, 771 A.2d 1040, 1044.

"Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.R. Civ P. 56(h)(4). "All facts not properly controverted in accordance with this rule are deemed admitted." *Rogers v. Jackson*, 2002 ME 140 ¶ 7, 840 A.2d 379, 380-81 (citing M.R. Civ. P. 56(h)(4)). Summary judgment is properly granted to a party when the non-moving party has the burden of proof on an issue at trial and the moving party "would be entitled to a judgment as a matter of law at trial if the [non-moving party] presented nothing more than was before the court at the hearing on the motion for a summary judgment." *Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 9, 711 A.2d 842, 845. Finally, the court gives the party opposing a summary judgment the benefit of any inferences that might reasonably be drawn from the facts presented. *Curtis v. Porter*, 2001 ME 158, ¶ 9, 784 A.2d 18, 22.

## D. Opportunity to be heard

A primary basis of plaintiffs' claims is that they were not given an adequate opportunity to be heard at both the Planning Board and City council meetings. In *Crispin v. Town of Scarborough*, 1999 ME 112, 736 A.2d 241, the Law Court said that a three minute per person time limit for public comment and short notice (1 day) for a motion to reconsider a prior vote was "adequate opportunity" to be heard. *Id.* ¶¶ 17-21, 247-248; however, the claim here is somewhat different: that the City deliberately withheld important relevant information and documents from plaintiffs and falsely

claimed that they had provided all relevant documents or that they did not exist; thus, the plaintiffs say they could not adequately prepare to oppose the proposed change.

The Law Court has repeatedly held that "[z]oning is a legislative act." *Crispin*, at ¶ 18, 247, citing *F.S. Plummer Co. v. Town of Cape Elizabeth*, 612 A.2d 856, 861 (Me. 1992) (additional citations omitted). "Generally, members of the public are not entitled to protection under the Due Process Clause when their property rights are adversely affected by the legislative acts of government." *Crispin*, ¶ 18, 247, *citing F.S. Plummer*, *infra*, and *Bi-Metallic Inv. Co. v. State Bd. Of Equalization*, 239 US 441, 445, 36 S. Ct. 141, 60 L.Ed 372 (1915). Plaintiffs' constitutional claims must fail; however, our Legislature has recognized the importance of property rights that may be affected by land use regulations. It requires public notice and an opportunity to be heard.[3] The Legislature's objective for public notice and input is very comprehensive and requires notice and opportunity to be heard for all phases of land use management. In *Roop et al. v. City of Belfast*, 2007 ME 32, 915 A.2d 966, the Law Court recognized the importance of citizen participation when it referred to a municipality's responsibility for growth management and public participation.[4]

---

[3] 1 M.R.S.A. § 406, Public Notice
"Public notice shall be given for all public proceedings . . . . This notice shall be given in ample time to allow public attendance . . . ."

30-A M.R.S.A. § 4392(1)
1. Public participation required
"The public shall be given adequate opportunity to be heard in the preparation of a zoning ordinance."

30-A M.R.S.A. § 4352(9)(10).
Adequate notice is also required before a municipality can reorganize an area.

[4] Title 30-A M.R.S.A.
§ 4324. Responsibility for growth management
This section governs a municipality's or multimunicipal regions' responsibility for the preparation or amendment of its growth management program. When procedures for the adoption of comprehensive plans and ordinances are governed by other provisions of this Title or municipal charter or ordinance, *the municipality or multimunicipal region may modify the procedural requirements of this section as long as a broad range of opportunity for public comment and review is preserved.*

5

Although section 4324 is directed at the approval of a comprehensive plan, that is not the challenge here, it is obvious that the Legislature's intent to encourage public input carries over to zoning matters as well. *See, e.g.,* 30-A M.R.S.A. § 4352(1), (9) and (10), § 4353(3) ("All interested parties shall be given a reasonable opportunity to have their views expressed at any hearing.")

---

**1. Growth management program.** Each municipality or multimunicipal region may prepare a growth management program in accordance with this section and may amend its existing comprehensive plan and existing land use ordinances to comply with the procedures, goals and guidelines established in this subchapter.

**2. Planning committee.** If a municipality or multimunicipal region chooses to prepare a growth management program, the municipal officers of a municipality or combination of municipalities shall designate and establish a planning committee, which may include one or more municipal officials.

A. The municipal officers may designate any existing planning board or district established under subchapter 4, or a former similar provision, as the planning committee. Planning boards established under former Title 30, section 4952, subsection 1 continue to be governed by those provisions until they are superseded by municipal charter or ordinance.

B. The planning committee may develop and maintain a comprehensive plan and may develop any portion of an implementation program to which it is assigned in an adopted comprehensive plan or otherwise directed by the municipal officers or municipal legislative body or bodies. In performing these duties, the planning committee shall:

(1) *Hold public hearings and use other methods to solicit and strongly encourage citizen input;* and

(2) Prepare the comprehensive plan or any portion of the implementation program to which it assigned in an adopted comprehensive plan and make recommendations to the municipal legislative body regarding the adoption and implementation of the program or amended program.

**3. *Citizen Participation. In order to encourage citizen participation* in the development of a growth management program, *municipalities or multimunicipal regions may adopt growth management programs only after soliciting and considering a broad range of public review and comment. The intent of this subsection is to provide for the broad dissemination of proposals and alternatives, opportunity for written comments, open discussions, information dissemination and consideration of and response to public comments.***

**4. *Meetings to be public. The planning committee shall conduct all of its meetings in open, public session. Prior public notice must be given for all meetings of the planning committee pursuant to Title 1, section 406.***

\* \* \*

**8. *Public hearing required.*** The planning committee shall hold at least one public hearing on its proposed comprehensive plan.

A. *Notice of a public hearing must be posted* in each municipality at least 30 days before the hearing, except that, if a follow-up hearing is held pursuant to comments made at a public hearing, the follow-up hearing may be conducted if public notice is given pursuant to Title 1, section 406.

B. A copy of the proposed comprehensive *plan must be made available for public inspection* at each municipal office or other convenient location with regular public hours at least 30 days before the hearing. If modification of the plan is proposed pursuant to comments made at a public hearing, and if a follow-up public hearing is to be held, the *proposed changes must be made available for public inspection* at each municipal office or other convenient location with regular public hours before any follow-up hearing.

(Emphasis added)

6

With so much legislative emphasis on public participation, it should be axiomatic that the public be adequately informed of proposed action in order to have meaningful input to support or oppose an issue pending before a governmental agency or board.

The Law Court has recognized statutes that prohibit decisions based on information that is outside of the record. *Forbes v. Town of Southwest Harbor*, 2001 ME 9, 763 A.2d 1183. *See also, Mutton Hill Estates v. Town of Oakland*, 468 A.2d 989 (Me. 1983) (Law Court disapproved of planning board action that allowed "biased opponents" to participate in ex-parte fact-finding).

Land use regulation, including zoning, is a public process. Absent privileged or confidential information, the public is entitled to know the information available to public servants who represent them in making decisions that impact residents and property owners of the municipality.

The plaintiffs here were more than passive participants. They actively sought as much information as existed but were repelled at many points. It is undisputed that plaintiffs made may demands on City officials and did receive rezoning information before both Planning Board and City Council hearings. When their quest revealed that additional documents may be available they were stonewalled with a response that the City had already provided all relevant information or that it didn't exist, only to later learn the contrary.

This is not a situation where the missing documents were kept secret on a claim of privilege or confidentiality. It is unknown how the plaintiffs may have planned or organized their opposition if they had the opportunity to utilize the missing information.

It strikes at the roots of fundamental fairness when a government board or agency does not permit opposing parties to present their positions based on the same information available to the municipal agency or board.

Although the court gives great deference to the City Council and its legislative authority, such consideration in this case would only perpetuate an unfair situation.

Because the court dismissed plaintiffs' FOIA claims, the statutory remedies for violation are not available, but this does not excuse the City's failure to provide relevant documents or the City's misrepresentations as to the existence of the information.

## E. Rezoning Consistent with the Comprehensive Plan

The plaintiffs' other contention is that the City Council's rezoning of the Saunders' property is inconsistent with Westbrook's comprehensive plan. Zoning ordinances must be consistent with a municipal comprehensive plan or they have no effect. 30-A M.R.S.A. § 4352(2) & 4314(3). The determination of whether a particular ordinance is consistent with the comprehensive plan is a matter of law, but the burden of persuasion lies with the party seeking to invalidate the ordinance. *City of Old Town v. DiMoulas, et al,* 2002 ME 133, ¶ 18; 803 A.2d 1018, 1023. To determine if an ordinance is consistent with the comprehensive plan, the court reviews whether the record demonstrates that the board *could have found* the ordinance consistent with the comprehensive plan. The court will not substitute its own judgment for that of the Board. *Adelman, et al v. Town of Baldwin, et al,* 2000 ME 91, ¶22; 750 A.2d 577, 585 (emphasis added).

The defendants argue that the plaintiff's present demand for declaratory judgment is nothing more than an attempt to re-instate the 80B appeal that was dismissed by the court. It may be a different way to seek the same result, but the Law Court has said that declaratory judgment is available to challenge the validity or

8

ordinances. *Sold, Inc., et al. v. Town of Gorham*, 2005 ME 24, 868 A.2d 172 (challenge to ordinance failed because it was untimely); *School Committee of Town of York v. Town of York and York Charter Commission*, 626 A.2d 935 (Superior Court has jurisdiction to adjudicate validity of municipal ordinances).

Because the court has determined that the plaintiffs were denied an adequate opportunity to be heard and declares that the rezoning change is void, it is not necessary to determine whether the approved change is consistent with the comprehensive plan.

## IV.   DECISION AND JUDGMENT

The clerk will make the following entries as the Decision and Judgment of the court:

**A.** Plaintiffs' Motion for Summary Judgment is granted.

**B.** The decision of the Westbrook City Council to rezone the Saunders Brothers parcel from "industrial" to "commercial gateway" is declared null and void.

**C.** This matter is remanded to the Westbrook City Council for rehearing and reconsideration.

**D.** Defendants' Motion for Summary Judgment is denied.

**E.** The plaintiffs' request for attorneys' fees is denied.

**F.** Plaintiffs are awarded their costs pursuant to statute and rule.

**G.** Pursuant to M.R.Civ.P. 54(b), the clerk shall enter this judgment as a final judgment.

SO ORDERED.

DATED:      September 28, 2007

Thomas E. Delahanty II
Justice, Superior Court

9

Date Filed __08-31-04__  __CUMBERLAND__  Docket No. __AP-04-47__

County

Action __80B Appeal__

dis "WESTBROOK OUR HOME, ANNE AND PATRICK BUREAU,      CITY OF WESTBROOK
BEN AND HELEN BLACK, MARK DECOSTE, RICHARD AND        SAUNDERS BROTHERS dismissed 7-9-07
DEBORAH GOSS, JAMES HILTONSMITH, LEE MYRBECK,
Dis-RICHARD POSTUPACK, LEE SWANSON, ROBERT THIEL,
MANCY WINTLE AND CARL ZEIS
Mark DeCoste dismissed

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PEGGY MCGEHEE, ESQ. | SEAN MAHONEY, ESQ./SUZANNE POGUE, ESQ. |
| P.O. BOX 426 | SCOTT ANDERSON, ESQ.  (SAUNDERS BROS.) |
| PORTLAND, MAINE  04112 | VERRILL DANA, LLP  774-4000 |
|  | P.O. BOX 586 |
|  | PORTLAND, MAINE  04112-0586 |
|  |  |
|  | WILLIAM DALE, ESQ. |
|  | SALLY DAGGETT, ESQ. |
| Date of | P.O. BOX 4510   (Westbrook) |
| Entry | PORTLAND, MAINE  04112 |
|  | 775-7271 |