STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO: CV-06-048
                                                  RAC - CUM - 10/16/2007

JEFFREY P. GILPATRIC and
LINDA S. LOCKHART

                    Plaintiffs,
                                          **ORDER ON 80B APPEAL**

        v.

TOWN OF GRAY and                          DONALD L. GARBRECHT
ROBERT THAYER, JR.,                            LAW LIBRARY

                                               JAN 30 2008
                    Defendants.

Petitioners Jeffery P. Gilpatric and Linda S. Lockhart ("Petitioners") come

before this Court pursuant to M.R. Civ. P. 80B to appeal the administrative action

taken by Respondent the Town of Gray, Maine approving Respondent Robert

Thayer, Jr.'s ("Thayer") (collectively "Respondents") subdivision application.

## BACKGROUND

The Town of Gray's Planning Board (the "Planning Board") approved

Thayer's subdivision plan of developing two lots, each with a two-family

dwelling unit ("Grace Woods Subdivision"), on August 10, 2006 as a minor

subdivision. The Grace Woods Subdivision was originally proposed on May 12,

2005 and is to be located on twenty-five acres in a Rural Residential and

Agricultural District ("RRA"). *See* Zoning Ordinance of the Town of Gray, Maine

("Zoning Ordinance"), § 402.20 (Rec. at 224). The Petitioners are abutting

property owners and object to the approval of the Grace Woods Subdivision.

After preliminary review, at a May 26, 2005 meeting, the Planning Board

requested additional information and voted to table the Grace Woods

Subdivision until more information was made available. After re-submission,

1

the Planning Board provisionally accepted Thayer's plan and on October 13, 2005, held a public hearing on the matter. The Planning Board summarized remaining concerns at the close of the hearing. Additional concerns were raised in a February 9, 2006 letter from Petitioners. Those issues include 1) the lack of a "cluster plan;" 2) the status of the parcel as a "back lot" allegedly suitable for single family homes only; 3) the fact that the construction plan falls within 250 feet from Petitioner's pond and is prohibited in Zoning Ordinance § 401.23(B) (the "pond set-back ordinance"); and 4) the lack of an overall plan of development for the parcel.

The Planning Board tabled the Grace Woods Subdivision pending resolution of compliance with the pond setback ordinance. After consideration of the ordinance, and finding that it did apply to Petitioners' pond, the Planning Board proposed an amendment of § 401.23(B) to the Town Council, which would make the 250-foot zoning ordinance applicable to "great ponds" only. Petitioners concede that the pond on their property is not a "great pond" as defined in the revised ordinance.

The Town Council unanimously passed the pond set-back revision on July 11, 2006. On August 10, 2006, the Planning Board approved the Grace Woods Subdivision, in part based on the amendment to § 401.23(B) applying the 250 foot setback to great ponds only.[1]

Petitioners contend that the Planning Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence when they voted to approve the Grace Woods Subdivision. They

---

[1] On July 13, 2006 the Planning Board denied the plan using the pre-amendment setback ordinance. After consultation with the Board attorney they reconsidered the proposal based on the amended ordinance.

2

argue: 1) that the pre-amendment version of the pond setback ordinance was erroneously applied; 2) that reconsideration was contrary to the Zoning Ordinance because the lots did not have required frontage and there was no cluster plan; and 3) the Planning Board did not base its decision on its own fact finding.

Thayer contends that the Grace Woods Subdivision complies with all applicable ordinances and statutes and thus approval was within the Planning Board's discretion.[2]

## STANDARD OF REVIEW

The Superior Court reviews the decision of a town planning board "directly for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record." *Herrick v. Town of Mechanic Falls*, 673 A.2d 1348, 1349 (Me. 1996). "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion." *Forbes v. Town of Sw. Harbor*, 2001 ME 9, ¶ 6, 763 A.2d 1183, 1186. The Court will uphold the decision of the Planning Board unless the record evidence compels a contrary conclusion. *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶¶16-18, 868 A.2d 161. Specifically, this Court "will not substitute [its] own judgment for that of the Board." *Forbes*, ¶ 6, 763 A.2d at 1186.

The interpretation of an ordinance, however, is a question of law that is reviewed *de novo*. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.3d 783, 786 (*citing Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 7, 772 A.2d 256, 259). That interpretation is guided by the "ordinances specific object and its general structure." *Id.* (*quoting Lewis v. Town of Rockport*, 1998 ME 144, ¶

---

[2] The Town of Gray has not filed a brief in this matter but has joined the Thayer Brief.

3

11, 712 A.3d 1047, 1049). An ordinance is construed to "avoid absurd, illogical or inconsistent results." *Id. (quoting Wright v. Town of Kennebunkport*, 1998 ME 185, ¶ 5, 715 A.2d 162, 164).

## DISCUSSION

### I. Did the Planning Board Erroneously Apply the Post-Amendment Pond Setback Ordinance in Approving the Grace Woods Subdivision?

In general, "[a]ctions and proceedings pending at the time of the passage, amendment or repeal of an Act or ordinance are not affected thereby," 1 M.R.S. § 302 (2007), unless clearly stated or implied otherwise in the Act or ordinance, *Weeks v. Allen & Coles Moving Systems*, 1997 ME 205, ¶ 6, 704 A.2d 320, 322. "Absent the requisite clear and unequivocal language to the contrary, the general rule that actions and proceedings pending at the time of the passage, amendment or repeal of an act or ordinance are not affected thereby, applies." *Riley v. Bath Iron Works Corp.*, 524 A.2d 626, 628 (Me. 1994).

In this case the Town of Gray expressly stated in its amendment to § 401.23(B) that the "Order shall be in full force and effect from and after April 18, 2006. " Petitioners argue that that clause is void because it is contrary to the Gray Town Charter, which states:

> Except as otherwise provided in this Charter, every adopted ordinance shall become effective thirty (30) days after adoption or at any later date specified therein.

(Rec. p. 307.) Respondents argue that the Petitioners have waived this charter-based argument because it was not raised before the Planning Board. However, because the interpretation of an ordinance is a question of law that this Court reviews *de novo*, the Court will consider the argument. *See Brackett v. Town of*

4

*Rangeley*, 2003 ME 109, ¶ 15, 831 A.2d 422, 437.

Under the Charter the amendment would go into effect on August 10, 2006, thirty days after its July 11, 2006 approval. Thus, it is argued, any case pending prior to August 10th should not be effected by the amendment because "town ordinances must conform to town charters." *See Kittery Retail Ventures, LLC. v. Town of Kittery*, 2004 ME 65, ¶ 17, 856 A.2d 1183, 1190. This Court, however, must construe the language at issue reasonably and "with regard to both the ordinance's specific object and its general structure" in order to "avoid absurd, illogical, or inconsistent results." *Kurlanski*, 2001 ME 147, ¶ 9, 782 A.2d at 786.

In this case the Grace Woods Subdivision was approved on August 10, 2006, the day the ordinance became effective under the Charter. Had the approval come prior to that effective date, the Court would not affirm the issue on appeal. Because the approval did come after the amendment became effective under the Charter, however, we can construe the language of the amendment to be consistent with 1 M.R.S. § 302. That is, that the language of the amendment to "be in full force and effect from and after April 18, 2006" implies an intent to apply the amendment retroactively to all proceedings pending from April 18, 2006.

The issue then becomes, was the Grace Woods Subdivision pending before April 18, 2006 and consequently not subject to the amendment? The submission date for a minor subdivision plan is the date of the submission of the final plan to the Planning Board. Subdivision Ordinance, Town of Gray, § 401.4(I). Thayer's final plan was put before the Planning Board on July 13, 2006 (and per § 401.8(A) had to have been submitted within 7 days prior to that date), at which time it

5

became a pending proceeding. Consequently, because the amendment specifically stated a retroactive date for the amendment to apply, the Planning Board did not erroneously apply the post-amendment pond setback in its August 10, 2006 approval.

## II.    Was the August 10, 2006 Decision Contrary to the Requirements of the Zoning Ordinance?

Petitioners contend that the August 10, 2006 approval was contrary to the requirements of the Zoning Ordinance because the Grace Woods Subdivision lacks the required 200-foot street frontage under the Zoning Ordinance and because a Cluster Plan was never submitted with the proposal.

### A.    The Frontage Argument.

#### i.    Was The Frontage Argument Raised Before the Planning Board?

Respondents assert that the frontage argument is waived because it was not raised before the Planning Board and thus cannot be initially raised on appeal. See *Bakala v. Town of Stonington*, 647 A.2d 85, 88 (Me. 1994). Petitioners correctly counter that the issue was raised in their February 9, 2006 letter to the Planning Board.

#### ii.    Is 200-Foot Street Frontage Necessary Under the Zoning Ordinance?

All parties agree that Zoning Ordinance § 402.20 (RRA) applies to the Grace Woods Subdivision. Under that ordinance, a minimum 200-foot street frontage is required. There is no record that the Planning Board considered this issue. Moreover, Planning Boards do not have the authority to waive Zoning Ordinance provisions. *York v. Town of Ogunquit*, 2001 ME 53, ¶ 12, 769 A.2d 172,

6

177. "[D]eviation from Zoning Ordinance provisions may be obtained only when the requisite finding is made by the Zoning Board of Appeals." *Id.* Because the Planning Board failed to make any written factual findings as to why it did or did not grant a waiver on this issue, it must be remanded to the board for further findings. See *Bodack v. Town of Ogunquit*, 2006 ME 127, ¶ 16, 909 A.2d 620, 625.

## B. Is a Cluster Plan Necessary Under the Zoning Ordinance?

Zoning Ordinance § 402.12(B) mandates submission of a cluster plan with any subdivision proposal. That provision is contained within Gray's Zoning Ordinance and consequently is not waivable by the Planning Board. *See York*, 2001 ME 53, ¶ 12, 769 A.2d at 177. Respondents argue that a cluster plan is technically not a zoning issue and thus *York* should not control. Cluster plans, it is argued, are subdivision standards that Planning Boards have discretion to waive. See *Sawyer v. Town of Cape Elizabeth*, 2004 ME 71, ¶ 14, 852 A.2d 58, 62.

Because the Town of Gray chose to place their cluster plan provision in the Zoning Ordinance, however, this Court holds that *York* controls and the issue must be remanded to the Planning Board.

## III. Was the Planning Board's Decision Contrary to its own Factual Findings?

Pursuant to 30-A M.R.S.A. § 4404, a municipal planning board must consider and make determinations on a list of criteria prior to adopting any subdivision plan. Those criteria are mirrored in Gray Subdivision Ordinance § 401.1 (A)–(M).

In this case, the Planning Board considered and voted on each issue separately. Of the thirteen issues considered, four failed to garner a majority

vote. Petitioners contend that the subdivision should fail based on these findings because all thirteen issues were not affirmed.. However, under 30-A M.R.S.A. § 4403(5) a planning board may approve a subdivision plan subject to "any terms and conditions that it considers advisable to satisfy the criteria listed in section 4044." 30-A M.R.S. § 4403(5)(C)(1) (2007). Accordingly, the Law Court remanded a case to the Bangor Planning Board so that they would "specifically indicate which of the eleven standards were met and which of the standards were not met" in order to determine if there was a sufficient basis for the decision. *Widewaters Stillwater Co., LLC. v. Bangor Area Citizens Org. For Responsible Dev.*, 2002 ME 27, ¶ 15, 790 A.2d 597, 603.

In this case, the Gray Planning Board complied with this requirement. The *Widewaters* Court stated that:

> It may well be that when considered separately there are three members of the Board that found the applicant satisfied all eleven standards. Rather than to have considered a blanket motion to approve, to permit effective appellate review, the Board should have voted separately on each of the applicable standards or in some manner indicated which of the standards the applicant satisfied and which the applicant did not. In this manner, a reviewing court can determine whether there is substantial evidence in the record to support the Board's decision.

*Widewaters Stillwater Co., LLC*, ¶ 15, 790 A.2d at 603. Because the Gray Planning Board considered and recorded a vote on each of the thirteen standards under consideration, this Court upholds the Planning Board's factual findings.

8

**Therefore, the entry is:**

The approval by the Gray Planning Board of Robert Thayer, Jr.'s subdivision plan is affirmed in part and remanded in part.

On remand the Planning Board must consider whether a minimum 200-foot street frontage is required under Zoning Ordinance § 402.20 (RRA). The Planning Board must also consider a cluster plan as required under Zoning Ordinance § 402.12(B). These provisions can only be waived upon the requisite findings made by the Zoning Board of Appeals.

The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this ___16th___ day of ___October___, 2007.

Roland A. Cole
Justice, Superior Court

Date Filed __9-11-06__     __CUMBERLAND__     Docket No. __AP-06-48__

County

Action _____ 80B APPEAL _____

JEFFREY P. GILPATRIC
LINDA S. LOCKHART

TOWN OF GRAY
ROBERT THAYER, JR.

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| ROY T. PIERCE, ESQ<br>PO BOX 9546<br>PORTLAND ME 04112-9546<br>791-3000 | WILLIAM DALE, ESQ. (TOWN OF GRAY)<br>PO BOX 4510<br>PORTLAND, ME 04112-4510<br>775-7271<br><br>JAMES HADDOW, ESQ. (THAYER)<br>PO BOX 17555<br>PORTLAND, ME 04112-8555<br>775-0200<br>MICHAEL H HILL ESQ (TOWN OF GRAY)<br>PO BOX 7046 PORTLAND ME 04112-7046<br>(207)774-3906 |

| Date of Entry | |
|---|---|
| 2006<br>Sept. 11 | Received 9-11-06. |