STATE OF MAINE

YORK, ss.

RECEIVED STATE OF MAINE

2008 MAY 20 A 11: 38

_____ Y _K CLERKS OFFICE

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-07-48

STEPHEN HARDING, et al.,

Plaintiffs

v.

**ORDER**

CITY OF BIDDEFORD PLANNING
BOARD, et al.,

Defendants

This case comes before the Court on Plaintiffs Stephen Harding and Lisa Harding's (Hardings) appeal pursuant to M.R. Civ. P. 80B, of a decision of the Biddeford Planning Board (Planning Board) approving a planned unit development (PUD) by Vacation Properties, Inc. (Vacation Properties). Following hearing, the matter will be remanded for further proceedings.

**PROCEDURAL AND FACTUAL BACKGROUND**

The PUD development at issue in this case is to be located on a 4.29-acre parcel of land located at Biddeford (City) Tax map 84, Lot 32 (Parcel) off of South Street. The Parcel is located in the City's R-3 zoning district under the Biddeford Land Development Regulations (Ordinance). The Hardings own property abutting the proposed development. PUD development regulations were enacted by the City in 2006 in order to encourage more creative land development through relaxed underlying zoning regulations (PUD Ordinance).

In June of 2006, Vacation Properties submitted a proposal to the Planning Board for a PUD development on the Parcel (Chicopee Heights). On July 18, 2007, after numerous revisions, the Planning Board approved the proposal. The Planning Board generated Findings of Fact on July 18, 2007 and a Notice of Decision on July 19, 2007. (Record Tab (hereafter RT) 12-13.)

The approved Chicopee Heights design contains twenty-four residential units in three buildings, recreation areas and a seventy-foot long storage shed at the back of the Parcel (the area abutting the Hardings' Property). Chicopee Heights is to be located on the Parcel, with access to South Street by way of a proposed public way named Chicopee Lane. (*See* RT 8 Ex. B.)

The Hardings participated in Planning Board hearings on Chicopee Heights. After approval of Chicopee Heights by the Planning Board, the Hardings appealed, pursuant to Article IX of the Ordinance, to the City's Zoning Board of Appeals (ZBA), alleging that the approval of the permit was based on misinterpretations of the Ordinance. (RT 15.) The issues presented on appeal to the ZBA were 1) lack of adequate frontage for the project, 2) inadequate buffering or screening, 3) lack of a phasing plan, 4) the approved storage unit was too large, and 5) concern regarding the process based on change in personnel on the Planning Board, and lack of preparation in general. On October 11, 2007, the ZBA voted 2-1-1 to deny the Hardings' appeal. The appeal to this Court followed.

## DISCUSSION

### I.    Standard of Review

The Superior Court, acting as an appellate court, reviews the operative decision of the municipality for error of law, abuse of discretion, or findings not supported by substantial evidence in the record. *Griffin v. Town of Dedham*, 2002 ME 105, ¶ 6, 799 A.2d

1239,1241 (citations omitted). "Substantial evidence exists when a reasonable mind would rely on that evidence as sufficient support for a conclusion." *Forbes v. Town of Sw. Harbor*, 2001 ME 9, ¶ 6, 763 A.2d 1183, 1186. An abuse of discretion occurs "when a material factor deserving significant weight is ignored, an improper factor is relied upon, or when all proper and no improper factors are assessed, but the [decision-maker] makes a serious mistake in weighing them." *West Point-Pepperell, Inc. v. State Tax Assessor*, 997 ME 58, ¶ 7, 691 A.2d 1211, 1213 (citations omitted).

The burden of persuasion is on the party challenging a board's decision to show that the evidence compels a different result. *Twigg v. Town of Kennebunk*, 662 A.2d 914, 916 (Me. 1995). The Court will uphold the decision of the Planning Board unless the record evidence compels a contrary conclusion. *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶¶16-18, 868 A.2d 161. Specifically, this Court "will not substitute [its] own judgment for that of the Board." *Forbes*, ¶ 6, 763 A.2d at 1186.

The interpretation of an ordinance, however, is a question of law that the Court reviews *de novo*. *Kurlanski v. Portland Yacht Club*, 2001 ME 147, ¶ 9, 782 A.2d 783, 786 (*citing Rockland Plaza Realty Corp. v. City of Rockland*, 2001 ME 81, ¶ 7, 772 A.2d 256, 259). That interpretation is guided by the "ordinances specific object and its general structure." *Id.* (*quoting Lewis v. Town of Rockport*, 1998 ME 144, ¶ 11, 712 A.2d 1047, 1049). An ordinance is construed to "avoid absurd, illogical or inconsistent results." *Id.* (*quoting Wright v. Town of Kennebunkport*, 1998 ME 185, ¶ 5, 715 A.2d 162, 164).

## II.    Operative Decision

As an initial matter, the parties disagree which decision of the City is the operative decision to be reviewed by this Court. The operative decision is the decision of the "tribunal of original jurisdiction" that acts "as both a fact finder and a decision maker." *Peregrine Developers, LLC v. Town of Orono*, 2004 ME 95, ¶ 9, 854 A.2d 216, 219.

3

"When a board of appeals acts as a tribunal of original jurisidicion and properly conducts a de novo hearing pursuant to 30-A M.R.S.A. § 2691 and the municipality's ordinance, we review the decision of the board of appeals directly." *Griffen v. Town of Dedham*, 2002 ME 105, ¶ 6, 799 A.2d 1239, 1241-42.

The Hardings assert that the Planning Board made the operative decision because the Ordinance grants the ZBA only appellate review. Vacation Properties counters that the Ordinance grants the ZBA *de novo* review and thus the ZBA decision is the operative decision. (*See* RT 1 at 192-195.)[1]

"The jurisdiction of a board of appeals is a question of law that must be ascertained from an interpretation of state statutes and local ordinances." *Gensheimer*, 2005 ME 22, ¶5, 868 A.2d at 163 (citations and quotations omitted). When, as in this case, a matter is heard both by a planning board and a board of appeals, a determination of the operative decision is dependant "on the type of review that the Board of Appeals is authorized to undertake and what kind of review that Board actually performs." *Id.* ¶ 7, 868 A.2d at 164. Under 30-A M.R.S.A. § 2691(3)(D) "unless a local ordinance limits the authority of the Board of Appeals to appellate review, the Board of Appeals is required by statute to undertake a *de novo* review, take evidence, make factual findings and apply the applicable statutory and municipality provisions entirely independent from the decision of the Planning Board." *Id.* ¶ 8, 868 A.2d at 164.

The Law Court considered an ordinance and found that, where an ordinance fails to provide explicit guidance as to whether a board of appeals is authorized to act as an appellate body or a body of original jurisdiction, the board of appeals is required to undertake a *de novo* review under 30-A M.R.S.A. § 2691. *See Stewart v. Town of Sedgwick*, 2000 ME 157, ¶ 11, 757 A.2d 773, 777. The *Stewart* Court found that the provisions of the

---

[1] The City joins Vacation Properties' 80B Brief.

4

Sedgwick Shoreland Zoning Ordinance obfuscate the role of the zoning board of appeals and thus mandate *de novo* review by the board of appeals.[2] *Id.* nn. 5 & 6, 868 A.2d at 777.

The Ordinance in this case is equally unclear. On the one hand it indicates that the Zoning Board of Appeals has jurisdiction to hear appeals only:

> *Administrative appeals.* To hear and decide appeals where it is alleged there is a zoning violation or error in any order, requirement, decision, or determination made by the building inspector or planning board in the enforcement of this ordinance. The following procedure governs administrative appeals:
>
> 1. When errors of administrative procedures or interpretation are found, the case shall be remanded back to the building inspector or planning board for correction.

Article IX, Sec. 4(A) (RT 1 at 192). On the other hand, the process mandated by the Ordinance allows the Board of Appeals to receive oral or documentary evidence:

> The board may receive any oral or documentary evidence but shall provide as a matter of policy for the exclusion of irrelevant, immaterial or unduly repetitious evidence or hearsay evidence. Every party shall have the right to present his case or defense by oral or documentary evidence, and to submit rebuttal evidence. Article IX Section 5 (3)(a) (RT 1 at 194.)[3]

---

[2] The *Stewart* Court cited the following provisions of the Sedgwick Shoreland Zoning Ordinance:

§ 16(I)(3)(b)(2): the Board 'may reverse the decision. . . of the Code Enforcement Officer or Planning Board only upon a finding that the decision . . . was clearly contrary to specific provisions of this Ordinance.'

§ 16(I)(3)(b)(3): 'the person filing the appeal shall have the *burden of proof* (emphasis added).'

§ 16(I)(3)(b)(5): 'All decisions shall . . . include a statement of *findings* and conclusions . . . (emphasis added).'

[3] This provision in the Ordinance is taken directly from 30-A M.R.S.A. § 2691(3)(D) and was quoted by the *Stewart* Court to support the notion that, "unless the municipal ordinance explicitly directs otherwise, a Board must conduct a hearing de novo." *Stewart*, 2000 ME 157, ¶¶ 6-7, 757 A.2d at 776.

5

and additionally requires that decisions from the board of appeals *shall* include (emphasis added):

1. A statement of *findings* and conclusions (emphasis added);

2. The reasons or basis therefore, upon all the material issues of fact, law or discretion presented; . . . .

Article IX, Sec. 6(A) (RT 1 at 195).

The Ordinance in this case is similar to the ordinance considered by the *Stewart* Court in that it fails to specifically provide for a purely appellate hearing by the ZBA. *Stewart*, 2000 ME 157, ¶ 11, 757 A.2d at 777. Accordingly, as the *Stewart* Court determined that the Sedgwick ordinance's lack of specificity mandated a *de novo* review, *Id.*, so here the ZBA is required to undertake a *de novo* review.

### a. Review by the ZBA

Vacation Properties asserts that the ZBA conducted a *de novo* hearing on the matter, as required under the Ordinance, and "came to its own independent determination as to the PUD application's conformance with the requirements of" the Ordinance. (Vacation Properties Br. at 8.) In order to provide a *de novo* hearing, a board of appeals:

> does not examine evidence presented to the decision maker or tribunal below, nor does it review the procedure below except to assure that the matter is properly before it. Instead, it looks at the substantive issues afresh, undertakes its own credibility determinations, evaluates the evidence presented, and draws its own conclusions.

*Stewart*, 2000 ME 157, ¶ 7, 757 A.2d at 776.

In this case the ZBA conducted two sessions on the Hardings' appeal. The record before the ZBA was the same record that was before the Planning Board. (RT 17 at 5.) At the initial hearing, held on September 12, 2007, Mr. Harding reiterated his arguments against Chicopee Heights. Sandra Guay, attorney for Vacation Properties,

6

argued for the developer. Attorney Guay informed the board that the ZBA should give deference to the Planning Board decision. (RT 17 at 8.)

On October 10, 2007, the ZBA continued its consideration of the Hardings' appeal, "but took no new testimony." (RT 18 at 1.) The record indicates that the ZBA reviewed the Findings of Fact of the Planning Board to determine if the Planning Board correctly considered the proposal. (RT 18 at 2.) At the conclusion of that meeting, the ZBA voted to deny the Hardings' "administrative appeal of the Planning Board approval" of Chicopee Heights. (RT 19.) There were no findings of fact or conclusions of law generated from the ZBA hearing.

This procedure does not comport with the ZBA's obligation to conduct a *de novo* hearing. *See Stewart*, 2000 ME 157, ¶7, 757 A.2d at 776; *see also* Ordinance Article IX, Section 6(A-C). It is not clear that the ZBA conducted an evidentiary hearing as would be required upon *de novo* review. However, it is clear that the ZBA did not make findings and conclusions independent from the findings and conclusions of the Planning Board. Accordingly, the matter is remanded to the ZBA for a *de novo* hearing. *See Id* ¶15, 757 A.2d at 778.

The entry will be as follows:

Matter remanded to the ZBA for *de novo* hearing.

Dated:     May 20, 2008

PLAINTIFF:

Erica M. Johanson, Esq.
MONAGHAN LEAHY LLP
PO BOX 7046
PORTLAND ME   04112-7046

DEFENDANT:
No Attorneys

PARTIES-IN-INTEREST:
Sandra Guay Esq.
WOODMAN EDMANDS DANYLIK & AUSTIN
PO BOX 468
BIDDEFORD ME   04005

G. Arthur Brennan
Justice, Superior Court

7