2012 ME 22

**Deirdre DUNLOP**

v.

**TOWN OF WESTPORT ISLAND et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.
Decided: Feb. 28, 2012.

Jessica R. Avery, Esq., Stinson Avery Lawson–Stopps, Bath, and James A. Hopkinson, Esq., Hopkinson & Abbondanza, Bath, for appellant Deirdre Dunlop.

John A. Cunningham, Esq., Eaton Peabody, Brunswick, for appellee George D. Richardson III.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Deirdre Dunlop appeals from an order of the Superior Court (Lincoln County, *Hjelm, J.*) affirming the decision of the Westport Island Board of Appeals (Board) that affirmed the issuance of a building permit to George D. Richardson III. Dunlop argues that the Board failed to make the requisite findings that Richardson's property meets the two-acre minimum lot-size requirement for construction of a residential dwelling and that the Board imposed an unreasonable and improper heightened burden of proof on her as the appellant. Dunlop further argues that the Board erred in its determination that Jewett Cove Road can be included as part of Richardson's lot because it serves more than two single-family residences. We disagree and conclude that the Board properly affirmed the issuance of Richardson's building permit. We therefore affirm the decision of the Superior Court.

## I. BACKGROUND

[¶ 2] On June 15, 2009, Richardson submitted a permit application with the Town of Westport Island's Code Enforcement Office to build a single-family residence on his property. The application listed the property—tax map one, lot number twenty-five—as measuring 2.07 acres.[1] Richardson included site plans and drawings with the application, but he did not include a survey; Westport's ordinance does not require one. *See* Westport Island, Me., Shoreland Zoning Ordinance § 16(C) (Jan. 22, 2008) [hereinafter Ordinance]. Westport's Code Enforcement Officer (CEO) issued a building permit for the property on September 10, 2009.

---

1. This property is composed of four previously separate but contiguous lots: parcel 1, parcel 2, the "road lot," and the "wharf lot."

[¶ 3] On October 6, 2009, abutting landowner Dunlop filed a notice of appeal of the CEO's decision to issue the building permit with the Board. The Board held a public hearing on the appeal on October 29, 2009.[2] At the hearing, Dunlop challenged the CEO's decision in two ways.

[¶ 4] First, Dunlop argued that Jewett Cove Road should not be included in the acreage calculation for Richardson's property because the access-way fits the Ordinance's definition of a road, and not the definition of a driveway.[3] Ordinance §§ 15(A)(2), 17. Jewett Cove Road is a private access-way that serves three single-family dwellings and a private commercial wharf that is owned by Richardson and located on Richardson's property. The portion of Jewett Cove Road that Richardson owns serves two single-family dwellings (Richardson's and Dunlop's) and the commercial wharf.

[¶ 5] Second, Dunlop contended that Richardson's application did not specify whether the survey—which Richardson commissioned but did not submit to the CEO or the Board, and which he relied upon as proof that his property is more than two acres—was completed to the low- or high-water mark. Dunlop argued that her surveyor showed the property to be less than two acres when measured to the

high-water mark.[4]  *See*  Ordinance § 15(A)(1)(a), (2).

[¶ 6] After hearing arguments from both parties and accepting evidence, the Board issued a decision denying the application for administrative appeal on the same day as the hearing, October 29, 2009. On November 5, 2009, Dunlop filed a motion for reconsideration and for findings of fact. In her motion, Dunlop argued that the Board "failed to make proper findings as required by Shoreland Zoning Ordinance § [ ]16.H.4.b.iv and 30–A M.R.S.A. § [ ]2691(3)(E)."

[¶ 7] On December 10, 2009, the Board held a reconsideration hearing pursuant to Dunlop's request and section 16(H)(6) of the Ordinance. The Board heard testimony and accepted evidence at this second hearing. That same day, the Board issued its final decision, reaffirming its determination that Jewett Cove Road is a "driveway" for purposes of establishing the size of Richardson's lot, finding that Richardson's lot did exceed two acres in size, and concluding that Dunlop did not meet her burden of proof.

[¶ 8] With respect to Dunlop's claim that Richardson failed to show that his property is over two acres, the Board relied primarily on a letter written by Westport's tax assessor to the CEO. In that

2. On October 24, 2009, Richardson submitted a second permit application that listed the size of the property as 2.04 acres. The Ordinance mandates that the minimum lot size for building a residential dwelling within the shoreland zone is two acres. Westport Island, Me., Shoreland Zoning Ordinance § 15(A)(1)(a) (Jan. 22, 2008) [hereinafter Ordinance]. Richardson's property is within the shoreland zone.

3. Section 15 states that "land beneath roads serving more than two (2) lots[ ] shall not be included toward calculating minimum lot area." Ordinance § 15(A)(2). The Ordinance defines "road" as "a route or track

consisting of a bed of exposed mineral soil, gravel, asphalt, or other surfacing material constructed for or created by the repeated passage of motorized vehicles, excluding a driveway as defined." Ordinance § 17. The Ordinance defines "driveway" as "a vehicular access-way serving two single-family dwellings or one two-family dwelling, or less." Ordinance § 17.

4. Dunlop's surveyor was denied access to Richardson's property, so he used existing plans and surveys of the four individual lots that came together to create Richardson's property to estimate the acreage as 1.5 acres, measured to the high-water mark.

letter, the tax assessor stated that he reviewed Richardson's land survey performed by Leighton & Associates and that the survey shows a property area of 2.04 acres.[5] The tax assessor also stated in the letter that Westport's tax records show that the property is 2.07 acres for property tax purposes. The letter does not state whether the survey or the tax records reflect land measured to the high-water mark, but in a telephone conversation between a board member and Richardson's surveyor, the surveyor told the board member that all of Leighton & Associates' surveys are measured to the high-water mark unless the client requests otherwise, but he would not comment to the board member on whether Richardson's survey was to the low- or high-water mark. The Board also noted a discrepancy in Richardson's tax records, in that the property acreage inexplicably changed from 1.65 acres to 2.07 acres between the years 2008 and 2009.

[¶ 9] In deciding how to classify Jewett Cove Road, the Board followed the CEO's recommendation that only the portion of Jewett Cove Road on Richardson's property should be considered. Looking only at that portion of Jewett Cove Road, the Board concluded that it meets the definition of a driveway because it serves only two residences: Dunlop's and Richardson's.

[¶ 10] In its final order, the Board concluded:

> [T]he evidence presented supports issuance of a building permit by showing that the [p]remises has in excess of two [a]cres of area required under the [Ordinance]. [Dunlop] did not meet [her] burden of proof on the issue. The

Board also reaffirms its prior decision that Jewett Cove Road is a "driveway" and not a road. The Board['s] decision is further supported by an [a]ffidavit of . . . Dunlop dated July 10, 2003[,] stating that . . . Dunlop had relocated her access from the Main Road to her dwelling from Jewett Cove Road to Dewey Way.

[¶ 11] Dunlop next filed a M.R. Civ. P. 80B complaint in Superior Court on December 16, 2009. On June 24, 2011, the Superior Court issued an order affirming the decision of the Board affirming the issuance of the building permit. Dunlop timely appealed from the court's judgment pursuant to 14 M.R.S. § 1851 (2011) and M.R.App. P. 2.

## II. DISCUSSION

### A. Property Acreage

■ [¶ 12] Dunlop argues that the Board erred in finding that Richardson's property is over two acres because Richardson did not provide sufficient proof that his property is over two acres, and because she provided sufficient evidence to show that the permit was issued in error. Dunlop also argues that the Board imposed an improper heightened burden of proof on her in her appeal.

■ [¶ 13] "When the Superior Court acts as an appellate court, we review directly the operative decision of the municipality." *Gensheimer v. Town of Phippsburg*, 2005 ME 22, ¶ 7, 868 A.2d 161 (quotation marks omitted). Here, the Board was the operative decision-maker because it was authorized to and did conduct a de novo review. *See id.*; 30–A M.R.S. § 2691(3)(D) (2011); Ordinance

---

5. This acreage calculation, along with the other references to acreage calculations in this opinion, includes the "road lot" acreage. The evidence suggests that without the "road lot," calculated at approximately 0.17 acres, Richardson's property would not meet the two-acre requirement.

§ 16(H)(1)(a), (3).[6] Westport's Ordinance also provides that the party who files the appeal with the Board bears the burden of proof on appeal. Ordinance § 16(H)(4)(b)(ii). In cases such as this, where "an agency concludes that the party with the burden of proof failed to meet that burden, we will reverse that determination only if the record compels a contrary conclusion to the exclusion of any other inference." *Kelley v. Me. Pub. Emps. Ret. Sys.*, 2009 ME 27, ¶ 16, 967 A.2d 676 (quotation marks omitted); *cf. Stewart v. Town of Sedgwick*, 2000 ME 157, ¶¶ 12–14, 757 A.2d 773 (concluding that, although the appellant bore the burden of proof on appeal before the Board, the Board erred when it did not "focus[] [its] attention on the substantive issue of whether the propos[al] . . . satisfied the Ordinance").

[¶ 14] At both hearings, the Board conducted a de novo hearing; it considered testimony and took other evidence. After considering all of the evidence, the Board ultimately found that Richardson's property met the requirements of the Ordinance because it measured over two acres. Both the letter from the tax assessor to the CEO and the tax records support this finding, and the record does not "compel[] a contrary conclusion to the exclusion of any other inference." *Kelley*, 2009 ME 27, ¶ 16, 967 A.2d 676 (quotation marks omitted). The Board, in making its determination, did address the substantive issue of whether Richardson's application satisfied the Ordinance, and there is evidence in the record to support this finding.

## B. Classification of Jewett Cove Road

[¶ 15] Dunlop argues that the Board erred in concluding that Jewett Cove Road is a driveway because it serves more than two single-family dwellings. We view the interpretation of a local ordinance as a question of law that is reviewed de novo. *Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. "We examine the plain meaning of the language of the ordinance, and we construe its terms reasonably in light of the purposes and objectives of the ordinance and its general structure." *Stewart v. Town of Sedgwick*, 2002 ME 81, ¶ 6, 797 A.2d 27. Although the Board's interpretation of the Ordinance is reviewed de novo, the "Board's ultimate characterization" of Jewett Cove Road is afforded substantial deference. *Jordan v. City of Ellsworth*, 2003 ME 82, ¶ 9, 828 A.2d 768.

[¶ 16] We agree with the Board that the land beneath Jewett Cove Road can be included in the acreage calculation of Richardson's property but come to this conclusion using a slightly different analysis of the Ordinance. First, we agree that we need to consider only the portion of Jewett Cove Road that is part of Richardson's property when evaluating whether the "road lot" may be included in the acreage calculation. A private access-way such as Jewett Cove Road that dead-ends at a body of water may serve more lots at the

---

6. Section 16(H)(1)(a) of the Ordinance states that the Board has the power

> to hear and decide administrative appeals on a de novo basis where it is alleged by an aggrieved party that there is an error in any order, requirement, decision, or determination made by, or failure to act by, the [CEO] in his or her review of an[] action on a permit application under this Ordinance.

Section 16(H)(3) of the Ordinance states:

> When the Board . . . reviews a decision of the [CEO], the Board . . . shall hold a "de novo" hearing. At this time the Board may receive and consider new evidence and testimony, be it oral or written. When acting in a "de novo" capacity the Board . . . shall hear and decide the matter afresh, undertaking its own independent analysis of evidence and the law, and reaching its own decision.

beginning of the access-way than it does toward its end. Jewett Cove Road does serve another lot farther from the water, but it serves only Richardson's and Dunlop's lots at the point where it enters Richardson's land.

[¶ 17] Here, our analysis differs from that of the Board's in that we conclude that section 15(A)(2) of the Ordinance is determinative on this issue. The Ordinance states that "land beneath roads serving more than two (2) lots[ ] shall not be included toward calculating minimum lot area." Ordinance § 15(A)(2). Jewett Cove Road, whether a "road" or a "driveway" pursuant to the Ordinance, only serves two lots at the point it enters Richardson's property. The commercial wharf, being a part of the same lot as the remainder of Richardson's property, does not change this analysis.

[¶ 18] In conclusion, because there is sufficient evidence in the record to support the Board's finding that Richardson's property is over two acres, we affirm the decision of the Board affirming the issuance of the building permit. We also affirm the Board's determination that Richardson's "road lot" can be included in his property's acreage calculation, but we do so without deciding whether that portion of Jewett Cove Road meets the definition of a driveway because at the point where it enters Richardson's property, it serves only two lots.

The entry is:

Judgment of the Superior Court affirming the decision of the Board of Appeals affirmed.