2012 ME 89

David F. D'ALESSANDRO et al.

v.

TOWN OF HARPSWELL et al.

Supreme Judicial Court of Maine.

Argued: Jan. 11, 2012.
Decided: July 10, 2012.

Judy A.S. Metcalf, Esq. (orally), Eaton Peabody, Brunswick, for appellants David and Jeannette D'Alessandro.

Mary A. Denison, Esq. (orally), Dyer Goodall and Denison, Augusta, and Peter Schwindt, Esq., Brunswick, for appellees other subdivision landowners.

Sally J. Daggett, Esq., Jensen Baird Gardner & Henry, Portland, for appellee Town of Harpswell.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

SILVER, J.

[¶ 1]   David F. D'Alessandro and Jeannette A. D'Alessandro appeal from a judgment entered in the Superior Court (Cumberland County, *Wheeler, J.*) pursuant to M.R. Civ. P. 80B affirming a decision of the Town of Harpswell Board of Appeals. The Board had denied the D'Alessandros' appeal of a permit issued by the code enforcement officer to several subdivision landowners to install a seasonal stairway for shore access over an easement that burdens land the D'Alessandros own in the

same subdivision. The D'Alessandros oppose the permit, arguing that the Harpswell Shoreland Zoning Ordinance [1] allows for only one stairway to the shore in this subdivision and there is an existing stairway providing shore access in another location within the subdivision. We vacate and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

[¶ 2] The facts are undisputed. The D'Alessandros own a shoreline lot in the Town of Harpswell; David purchased the lot in 1986. In 2009, they also obtained fee ownership of a forty-foot-wide strip of land adjacent to their lot. That strip of land is burdened by an easement that provides shore access from the other common roads and ways in the subdivision. The shore access point on the D'Alessandros' land is one of two in this subdivision; the other shore access point is somewhat narrower and is located over 400 feet and several lots away from the D'Alessandros' land. The common roads and ways, including the two shore access locations, are shown on the subdivision plan that was recorded in 1962. Each of the landowners who joined the permit application has a deeded right to use the common roads and ways.

[¶ 3] From the mid–1980s until 2009, an undeveloped path and a ladder on a steep bank provided access to the shore on the portion of the easement now owned by the D'Alessandros. In August 2009, the D'Alessandros removed the ladder after receiving permission from the lot owner who had installed it.

[¶ 4] In February 2010, several of the landowners filed a land use permit application for a seasonal, aluminum, three-by-four-foot access platform and three-by-twelve-foot stairway to allow access over the D'Alessandros' property to the shore below. The Department of Environmental Protection determined after a site visit that the stairway was a temporary structure exempt from permitting. The Town held a hearing and on May 10, 2010, the code enforcement officer issued the permit without conditions. On June 2, 2010, the D'Alessandros appealed the issuance of the permit to the Board of Appeals. On the same date they also submitted an application for a permit for a stairway at the subdivision's other shore access location. On June 15, 2010, the code enforcement officer issued that permit with conditions to prevent erosion and sedimentation. The D'Alessandros installed the stairway at the other shore access location before the date of the Board hearing concerning their appeal of the permit application for the stairway on their property. The applicants for the permit for the stairway over the D'Alessandros' property do not contest the permit granted to the D'Alessandros for the stairway at the other shore access point. The Board held a hearing on July 28, 2010, and on the same date denied the appeal based on several

---

1. The relevant provision states:

Notwithstanding the requirements stated above, stairways or similar structures may be allowed with a permit from the [Code] Enforcement Officer, to provide shoreline access in areas of steep slopes or unstable soils provided: that the structure is limited to a maximum of four (4) feet in width; that the structure does not extend below or over the maximum high water line of a water body, or upland edge of a wetland described in Section 3 of this Ordinance, or a tributary stream, (unless permitted by the Department of Environmental Protection pursuant to the Natural Resources Protection Act, [38 M.R.S. § 480–C (2011)], as may be amended from time to time); and that the applicant demonstrates that no reasonable access alternative exists on the property.

Harpswell, Me., Shoreland Zoning Ordinance § 15.2.5 (March 20, 2010).

findings, one of which was that "the location of the proposed stairs is reasonable under the ordinance." The D'Alessandros appealed pursuant to M.R. Civ. P. 80B, and the Superior Court affirmed the Board's decision.

## II.  DISCUSSION

[¶ 5]  We directly review the operative municipal decision at issue, without deference to the Superior Court's ruling on the intermediate appeal. *See Dunlop v. Town of Westport Island*, 2012 ME 22, ¶ 13, 37 A.3d 300; *Bizier v. Town of Turner*, 2011 ME 116, ¶ 8, 32 A.3d 1048. In general, we will vacate a municipal board's decision on appeal if it includes an error of law, an abuse of discretion, or a finding not supported by substantial evidence. *Bizier*, 2011 ME 116, ¶ 12, 32 A.3d 1048. Because this appeal raises solely legal issues concerning the interpretation of the Shoreland Zoning Ordinance, we review the Board's decision de novo solely for errors of law. *See Aydelott v. City of Portland*, 2010 ME 25, ¶ 10, 990 A.2d 1024. "We examine an ordinance for its plain meaning and construe its terms reasonably in light of the purposes and objectives of the ordinance and its general structure. If an ordinance is clear on its face we will look no further than its plain meaning." *Bizier*, 2011 ME 116, ¶ 14, 32 A.3d 1048 (quotation marks and citation omitted). The Harpswell Shoreland Zoning Ordinance provides that "stairways or similar structures may be allowed with a permit ... to provide shoreline access in areas of steep slopes or unstable soils," provided that "the structure" meets certain dimensional and placement requirements and "the applicant demonstrates that *no reasonable access alternative exists on the property.*" Harpswell, Me., Shoreland Zoning Ordinance § 15.2.5 (March 20, 2010) (emphasis added).

[¶ 6]  As a preliminary matter, we must determine whether the two shore access points are part of a single property, because the ordinance unambiguously provides that the Board must determine whether any reasonable access alternative exists "on the property," i.e., on the same property. We have held that "[t]he sale of lots by reference to a plan conveys to the grantees and their successors the right to use the streets and other areas set aside on the plan." *Chase v. Eastman*, 563 A.2d 1099, 1101–02 n. 2 (Me.1989). Likewise, in *Alexander v. Fairway Villas, Inc.*, 1998 ME 226, ¶ 8, 719 A.2d 103, we noted, in acknowledging one side's argument, that *Chase* holds that "purchasers of lots in a subdivision obtain an easement by implication in the common roads." For purposes of this case, the property at issue is a single easement that includes the common roads and ways along with the two shore access points, as shown on the 1962 recorded plan. However, we are making no other pronouncements regarding the easements in this subdivision or easements generally.

[¶ 7]  The D'Alessandros argue that because they successfully obtained a permit for and installed a set of stairs on the other shore access location, that set of stairs provides a "reasonable access alternative" that as a matter of law precludes the granting of a permit for the proposed second set of stairs on the easement across their property. We disagree with the proposition that the matter is resolved as a matter of law. The phrase "no reasonable access alternative" anticipates a factual analysis based upon the unique qualities of the property.

[¶ 8]  The Board's finding that "the location of the proposed stairs is reasonable under the ordinance" does not apply the standard as it is set forth in the ordinance and provides no finding regarding the ac-

tual question presented by the ordinance: Does a reasonable access alternative exist? Thus, although we review the Board's factual findings under a deferential standard of review, *see Bizier*, 2011 ME 116, ¶ 8, 32 A.3d 1048; *Rudolph v. Golick*, 2010 ME 106, ¶ 8, 8 A.3d 684, here the Board erred because it failed to make a finding as to whether there is no reasonable access alternative. We remand for the Board to make its findings applying the standard as provided by the ordinance; we note that the Board in its sole discretion may make the findings based on the evidence already presented, or it may accept additional evidence into the record. *See Thompson v. Claw Island Foods*, 1998 ME 101, ¶ 20, 713 A.2d 316.

The entry is:

Judgment vacated. Remanded to the Superior Court with instructions to remand to the Board of Appeals for further proceedings consistent with this opinion.